File No.: 700-2157
*Lori A. Dvorak - Attorney I.D.: 021871992*
**Dvorak & Associates, LLC**
467 Middlesex Avenue
Metuchen, New Jersey 08840
(732) 317-0130; Fax: (732) 317-0140
*Attorneys for Defendant, Middlesex County Department of Corrections, (improperly pled as Middlesex Department of Corrections)*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIJEER PARKS<br><br>    Plaintiff<br><br>v.<br><br>JOHN E. McCORMACK, MAYOR OF WOODBRIDGE, in his personal and official capacity, ROBERT HUBNER, DIRECTOR OF THE WOODBRIDGE POLICE, in his personal and official capacity, CITY OF WOODBRIDGE POLICE OFFICERS, ANDREW LYSZK and WOODBRIDGE POLICE SGT. JOSEPH LICCIARDI, WOODBRIDGE POLICE OFFICERS JOHN AND JANE DOE, 1-20, as yet unknown actors, MIDDLESEX DEPARTMENT OF CORRECTIONS, JOHN AND JANE DOES 1-20, being unknown actors, MIDDLESEX COUNTY PROSECUTOR, ACTING PROSECUTOR, CHRISTOPHER KUBERIET, in his personal and official capacity, and ASSISTANT MIDDLESEX COUNTY PROSECUTOR PETER NATASI, and IDEMIA, INC.'S being the maker of the facial recognition software and ABC CORPORATION, being an as yet unknown seller or servicer of the facial recognition programs.<br>    Defendants. | Civil Action No. 2:21-cv-04021 (MCA-LDW)<br><br>**ANSWER TO AMENDED COMPLAINT, SEPARATE DEFENSES, CROSSCLAIM, ANSWER TO CROSSCLAIMS, JURY DEMAND and DESIGNATION OF TRIAL COUNSEL** |

Defendant, Middlesex County Department of Corrections (improperly pled as Middlesex Department of Corrections, and hereinafter referred to as Middlesex County Department of Corrections) through its attorneys Dvorak & Associates, LLC, answers the Plaintiff's Amended Complaint and says:

## FACTS COMMON TO ALL COUNTS

1. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

2. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

3. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

4. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

5. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

6. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

7. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

8. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

9.a-l    Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

10. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

11. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

12. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

13. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

14. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

15. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

16. Deny insofar as any allegations pertain to this Defendant.

17. Deny insofar as any allegations pertain to this Defendant.

18. Deny insofar as any allegations pertain to this Defendant.

19. Deny insofar as any allegations pertain to this Defendant.

20. Deny insofar as any allegations pertain to this Defendant.

21. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

22. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

23. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

24. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

25. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

26. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

27. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

28. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

29. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

30. Deny insofar as any allegations pertain to this Defendant.

31. Deny insofar as any allegations pertain to this Defendant.

32. Denied.

*Plaintiff's Wrongful Arrest*

33. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

34. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

35. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

36. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

37. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

38. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

39. Deny insofar as any allegations pertain to this defendant.

40. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

41. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

42. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

43. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

44. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

45. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

46. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

47. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

48. Deny insofar as any allegations pertain to this Defendant.

49. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

50. Deny insofar as any allegations pertain to this Defendant.

51. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

52. Deny insofar as any allegations pertain to this Defendant.

53. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

54. Deny insofar as any allegations pertain to this Defendant.

*Plaintiff's Unlawful Confinement in Cruel and Unusual Conditions*

55. Denied.

56. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

*Insistence on Prosecution by Prosecutor who knew of Absence of Factual Basis*

63. Deny insofar as any allegations pertain to this Defendant.

64. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

65. Deny insofar as any allegations pertain to this Defendant.

66. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

*Intentional or Deliberate Indifference of County Prosecutor*

67. Deny insofar as any allegations pertain to this Defendant.

68. Deny insofar as any allegations pertain to this Defendant.

69. Deny insofar as any allegations pertain to this Defendant.

70. Deny insofar as any allegations pertain to this Defendant.

71. Denied.

72. Deny insofar as any allegations pertain to this Defendant.

73. Denied.

74. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

75. Deny insofar as any allegations pertain to this Defendant.

76. Deny insofar as any allegations pertain to this Defendant.

77. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

78. Denied.

79. Denied.

80. Denied.

81. Denied

## COUNT I
### As and For a First Cause of Action for a Violation of
### the New Jersey Civil Rights Act N.J.S.A. 10:6-2

82. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

83. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

84 a-b Deny insofar as any allegations pertain to this Defendant.

## COUNT II
### As and For a First Cause of Action for a Violation of
### the New Jersey Civil Rights Act N.J.S.A. 10:6-2, Equal Protection Claim

85. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.   86.   Deny insofar as any allegations pertain to this Defendant.

87. Denied..

88. Denied.

89. Deny insofar as any allegations pertain to this Defendant. fendant neither admits nor denies the allegations.

90. Denied.

91. Deny insofar as any allegations pertain to this Defendant.

92. Denied.

93. Denied..

## COUNT III

**As and For a First Cause of Action for Excessive Force,
a Violation of the New Jersey Civil Rights Act
(Fourth Amendment to the Constitution of the United States)
and of the New Jersey Civil Rights Act (N.J.S.A. 10:6-2)**

94. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

95. Denied.

96. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

97. Deny insofar as any allegations pertain to this Defendant.

98. Deny insofar as any allegations pertain to this Defendant.

99. Denied.

100. Deny insofar as any allegations pertain to this Defendant.

101. Deny insofar as any allegations pertain to this Defendant.

102. Deny insofar as any allegations pertain to this Defendant.

103. Denied

## COUNT IV

**Woodbridge Township is Liable because
the Violations of Plaintiff's Rights
were Caused by a Municipal Policy or Custom**

104. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

105. Deny insofar as any allegations pertain to this Defendant.

106. Deny insofar as any allegations pertain to this Defendant.

107. Deny insofar as any allegations pertain to this Defendant.

107. Deny insofar as any allegations pertain to this Defendant.

108. Deny insofar as any allegations pertain to this Defendant.

## COUNT V
### The County of Middlesex is Liable
### Because the Violations of Plaintiff's Rights
### Were Caused by a Municipal Policy or Custom

109. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

110. Deny insofar as any allegations pertain to this Defendant.

111. Deny insofar as any allegations pertain to this Defendant.

112. Deny insofar as any allegations pertain to this Defendant.

113. Deny insofar as any allegations pertain to this Defendant.

114. Deny insofar as any allegations pertain to this Defendant.

## COUNT VI
### As for a Sixth Cause of Action
### for Cruel and Unusual Punishment
### Through the New Jersey Civil Rights Act

115. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

116. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

## COUNT VII
## The County of Middlesex is Liable
## Because the Violations of Plaintiff's Rights
## were Caused by a Municipal Policy or Custom

122. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

123. Denied.

124. Denied.

## COUNT VIII
## As and For an Eighth Cause of Action
## Civil Conspiracy Under Jersey Civil Rights Law
## (N.J.A.S. 10-21.1 et seq.)

125. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

## COUNT IX
## As and For a Ninth Count for Common Law False Arrest

130. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

## COUNT X
### As and For a Tenth Cause of Action for False Imprisonment

136. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

137. Denied.

## COUNT XI
### As and For an Eleventh Count
### Plaintiff has Suffered the Tort of False Light

138. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

## COUNT XII
### As and For a Twelfth Count
### Plaintiff has suffered Interference
### with his Business Reputation

143. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

144. Denied.

145. Denied.

146. Denied..

## COUNT XIII
### As and For a Thirteenth Cause of Action
### Defendants are Liable for Intentional Interference
### with Plaintiff's Prospective Economic Advantage

147. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

## COUNT XIV
### As and For a Fourteenth Cause of Action for
### Fraudulent Concealment and Destruction of Evidence

154. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

155. Deny insofar as any allegations pertain to this Defendant.

156. Denied.

157. Denied.

158. Denied.

## COUNT XV
### As and For a Fifteenth Cause of Action for
### Intentional Infliction of Emotional Distress

**(Incorrectly Numbered as:)**

146. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

## COUNT XVI
### As and For a Sixteenth Cause of Action for
### Negligent Manufacture or Sale

152. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

153. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

154. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

155. Defendant neither admits nor denies the allegations set forth therein and leaves Plaintiff to his proofs.

156. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

157. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs..

## COUNT XVII
### As and For a Seventeenth Cause of Action

### The Manufacturer(s), Designer(s), and Seller(s) of the Facial Recognition Technology Exhibited Malice or Shocking Disregard so that Punitive Damages are Appropriate

158. Defendant repeats and reiterates each and every answer contained in all prior counts as if set forth fully at length herein.

159. Defendant neither admits nor denies the allegations set forth therein, and leave Plaintiff to his proofs.

160. Deny insofar as any allegations pertain to this Defendant.

**WHEREFORE**, Defendant denies Plaintiff's Prayer for Relief and demands judgment against the Plaintiff for the dismissal of Plaintiff's Complaint, together with reasonable attorney's fees and costs associated with the defense of this action, and such other and further relief as the Court may deem just and appropriate.

### SEPARATE DEFENSES

1. If the plaintiff suffered damages, the same were caused by the plaintiff's sole negligence.

2. If the plaintiff suffered damages, the same were caused by the plaintiff's contributory negligence.

3. If the plaintiff suffered damages, the same were caused by third persons over whom this defendant had no control.

4. The incident which forms the basis of this litigation and which allegedly caused the injuries and damages to plaintiff was proximately caused or contributed to by the fault of third parties, not parties to this suit. The responsibility of this defendant and the right of plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties

to this litigation have been determined. Accordingly, this defendant seeks an adjudication of the percentage of fault of the plaintiff and each and every person whose fault contributed to this incident.

5. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

6. This defendant did not violate any duty owed to the plaintiff under common law, statute, regulations or standards.

7. This defendant's conduct was not negligent.

8. This defendant's conduct was not the proximate cause of the plaintiff's alleged damages.

9. At the time and place aforesaid, plaintiff and/or co-defendants were negligent, barring or limiting recovery in whole or in part, and this defendant pleads the Comparative Negligence Statute as to all parties.

10. The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of this defendant.

11. This defendant is immune from suit by virtue of the applicable Statutes of the State of New Jersey.

12. Plaintiff's damages, if any, were the result of the risk(s) assumed.

13. This action is governed by the provisions of N.J.S.A. 59:1-1, et seq.

14. This defendant expressly and specifically reserves and impleads any and all rights, remedies and immunities pursuant to the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and, as such, the plaintiff is barred from recovery.

15. Plaintiff is barred from recovery for failure to present and otherwise file a Notice of Claim within the time, form and place as required by Chapter 8 of Title 59 of the New Jersey Revised

      Statutes and, as such, this defendant is immune from liability and the plaintiff is barred from recovery.

16. This defendant is immune from any prejudgment interest in the event of judgment pursuant to Chapter 9, Section 2, of Title 59 of the New Jersey Revised Statutes.

17. This defendant is immune from liability for any damages for pain and suffering pursuant to N.J.S.A. 59:9-2(d).

18. This defendant impleads and is entitled to a credit for any benefits paid to the plaintiff pursuant to N.J.S.A. 59:9-2(e).

19. Any action or failure to act on the part of this defendant was in the nature of the discretionary activity within the meaning of N.J.S.A. 59:2-3 and, accordingly, no liability may be imposed upon this defendant.

20. This defendant denies the allegations of improper conduct as set forth in plaintiff's Complaint; however, the alleged misconduct does not rise to the level of a constitutional or statutory violation.

21. There was no malice or willful and wanton conduct involved in any of the events involving the factual basis upon which the suit is based such that plaintiff claims for punitive damages must be dismissed.

2. This defendant, if involved at all, acted within the scope of his authority and in good faith in the performance of his duties.

23. This defendant is immune from suit by virtue of the applicable Statutes of the State of New Jersey.

24. Defendant did not engage is actions that were malicious or reckless nor engage in extreme or

outrageous conduct.

25. Defendant denies that plaintiff suffered any losses or damages, or that same are de minimis, remote, speculative and thus, not cognizable at law.

26. Plaintiff has failed to mitigate damages.

27. Defendant is protected by immunity and/or qualified immunity and, as such, plaintiff is barred from recovery.

28. Defendant reserves the right to amend this Answer, assert additional defenses and/or file a counterclaim or Third Party Complaint as continued investigation and/or discovery may indicate.

29. Answering defendant reserves the right to interpose such other defenses as continuing investigation and discovery may indicate.

30. We further adopt and assert, as applicable, any affirmative defenses identified by any co-defendant(s).

31. This defendant asserts all of the immunities, rights and privileges afforded by the Tort Claims Act, N.J.S.A. 59:1-1 et seq., including but not limited to Sections 2-1; 2-1.1; 2-2; 2-3; 2-4; 2-5; 2-6; 2-7; 2-10; 3-1; 3-2; 3-3; 3-4; 3-5; 3-6; 3-7; 3-8; 3-10; 3-11; 4-1; 4-2; 4-3;4-4; 4-5; 4-6; 4-7; 4-8; 4-9; 5-1; 5-2; 5-4; 5-5; 5-6; 6-1; 6-2; 6-3; 6-4; 6-5; 6-6; 6-7; 7-2; 8-1; 8-2; 8-3; 8-4; 8-5; 8-6; 8-7; 8-8; 8-9; 8-10; 8-11; 9-2; 9-3; 9-3.1; 9-4; 9-5; 9-6; 9-7; and 10-4.

32. All of the actions of this defendant were performed in good faith and in the performance of his duties, and he is, therefore, entitled to qualified immunity.

33. The conduct of this defendant in the apprehension of plaintiff was reasonable and proper.

34. There was no willfulness involved in any of the events involving the factual basis upon which

the suit is based.

35. This defendant acted on reasonable grounds and without malice and therefore, is not answerable to the plaintiff in damages.

36. This defendant, if involved at all, acted reasonably and properly under the circumstances.

37. This defendant had no direct and personal participation in the alleged occurrence.

38. No malicious intent of causing a deprivation of the plaintiff's civil rights and/or constitutional rights has been factually set out against this defendants.

39. The defendant has no policy, scheme, practice nor custom to violate the constitutional rights of any of its citizens, irrespective of their ethnic backgrounds, nor does the defendant have a custom, policy, scheme or practice to tolerate or permit violation of constitutional rights.

40. This defendants reserves the right to apply to this Court for the imposition of sanctions against the plaintiff and counsel, pursuant to Rule 11, and to make an application for counsel fees and costs of suit, pursuant to Section 1988 of Title 42 of the United States Code annotated on the basis that the within cause of action is without merit, is frivolous and has been instituted by the plaintiff in bad faith and with the intent to harass this defendant and to cause him to incur great expenses in defense of same, all to this defendant's damage.

**CROSSCLAIM FOR CONTRIBUTION**

Without admitting any liability whatsoever, answering Defendant hereby demands from co-defendants, IDEMIA, contribution pursuant to any/all applicable provisions of common law and/or statute (including but not limited to the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A1 et seq.; the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.; the New Jersey Tort Claims Act, N.J.S.A. 59:9-3, 9-4).

**WHEREFORE**, judgment is demanded against the co-defendant, IDEMIA, together with interest and costs.

## ANSWER TO ALL CROSSSCLAIMS

The defendant, Middlesex County Department of Corrections, by way of answer to any and all Crossclaims heretofore and hereafter asserted against it, respectfully states that it denies each and every allegation contained in such Crossclaims.

**WHEREFORE**, this defendant demands judgment dismissing any and all Crossclaims, plus costs either heretofore or hereafter asserted against him.

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that LORI A. DVORAK, ESQ. is hereby designated as trial counsel.

## JURY DEMAND

Defendant hereby demands a trial by jury in accordance with Federal Rule of Civil Procedure 38.

## DEMAND FOR DAMAGES

This defendant demands a written statement of the amount of damages claimed within fourteen (14) days after service thereof, in accordance with Local Rule 8.1.

.                             **DVORAK & ASSOCIATES, LLC**
                              *Attorneys for Defendant, Middlesex County Department of Corrections*


                     By:      *s/Lori A. Dvorak*
                              **LORI A. DVORAK, ESQ.**

Dated: April 6, 2021