UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NIJEER PARKS,**<br><br>　　　　　　**Plaintiff,**<br>vs.<br><br>**JOHN E. McCORMACK, MAYOR OF WOODBRIDGE,** in his personal and official capacity, **ROBERT HUBNER, DIRECTOR OF THE WOODBRIDGE POLICE**, in his personal and official capacity**, CITY OF WOODBRIDGE POLICE OFFICERS, ANDREW LYSZK and WOODBRIDGE POLICE SGT. JOSEPH LICCIARDI, WOODBRIDGE POLICE OFFICERS JOHN AND JANE DOE1-20,** as yet unknown actors**, MIDDLESEX DEPARTMENT OF CORRECTIONS, JOHN AND JANE DOES 1-20,** being unknown actors, **MIDDLESEX COUNTY PROSECUTOR, ACTING PROSECUTOR, CHRISTOPHER KUBERIET,** in his personal and official capacity, and **ASSISTANT MIDDLESEX COUNTY PROSECUTOR PETER NATASI, and IDEMIA, INC.'S** being the maker of the facial recognition software and **ABC CORPORATION, being an as yet unknown seller or servicer of the facial** recognition programs.<br><br>　　　　　　**Defendants** | **CIVIL ACTION NO.: 2:21-cv-4021**<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Leda Dunn Wettre, U.S.M.J<br><br>**JOINT PROPOSED DISCOVERY PLAN**<br><br><u>R.</u> 16 Scheduling Conference April 28, 2021 |

1.　　Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiff's Description of the Case and Causes of Action:**

　　　*As of the time of this submission, defendants were unable to obtain Plaintiff's input.*

**As to the Defendants:**

　　　On February 16, 2019, Woodbridge police were dispatched to the Hampton Inn Hotel on a report of a shoplifting. Officers responded and the suspect, who was found with items from the Hotel, identified himself as Jamal Owens and produced a Tennessee drivers license. When the drivers license could not be confirmed, Woodbridge contacted Tennessee and were advised the DL number was fraudulent. When the suspect could provide no additional identification and due to his admission that he did not pay for the items, he was told he was being placed under arrest. Before he could be handcuffed, he resisted officer control and fled the scene, leading police on a

foot chase before returning to his vehicle and refusing to exit same. The backed the vehicle up then sped forward, striking the back of the patrol car before redirecting his vehicle at one of the officers, causing him to evade being struck. The vehicle then fled the scene.

Detectives responded to secure the scene and record evidence. Additionally, the suspect fled without the Tennessee DL and dropped a bag of personal items. All witnesses and officers involved confirmed that the DL photo on the Tennessee license was that of the suspect. Thereafter, the photo on the suspect's DL was sent out to the Regional Operations Intelligence Center (ROIC) and the New York State Intelligence Center (NYSIC) for facial recognition. On January 27, 2019, Woodbridge received notification of a hit confirmation from Rockland County Sheriff's Intelligence Center and Palisades Interstate Parkway Police that they had a "high profile comparison" to the picture for a Nijeer Parks, last known address Paterson, N.J. The Middlesex County Prosecutor's Office was contacted and authorized a warrant based on the facts of the case, placed on 1225-2019-000156 & 158 for, among other charges, aggravated assault on police, eluding, resisting, shoplifting, possession of CDS, possession of false government document and hindering. The municipal judge, after reading the Affidavit of Probable Cause, signed the warrants. Thereafter, the warrants were faxed to Paterson P.D. for service.

Thereafter, on February 5, 2019, Mr. Parks presented to the Woodbridge Police Station in reference to his active warrants. He was booked, processed and transported to the Middlesex County Jail on the Warrants, where he was committed as "no bail". Mr. Parks was transported to the Superior Court on February 8th and thereafter on February 13, 2019, at which time he was released under the terms of the Pretrial Release Order on Non-Monetory Conditions in accordance with the consent of the parties and approved by Judge Rivas.

The Defendants deny and dispute Plaintiff's claims, deny that the Defendants violated any of Plaintiff's State or Federal Constitutional rights, and assert that Defendants are immune from liability and acted at all times with probable cause and pursuant to Judicial approval. Additionally, Defendants respectfully contend that Plaintiff cannot establish the violation of any State or Federal law.

Defendants have filed their respective Answers to the Plaintiff's Amended Complaint, wherein the allegations asserted by Plaintiff were denied and various affirmative defenses were asserted. The Defendants incorporate herein and refer the Court to the affirmative defenses contained in their respective Answers

2. Have settlement discussions taken place? If so, when?
   **No, not at this time.**

   (a) What was plaintiff's last demand?

   (1) Monetary demand: **N/A**
   (2) Non-monetary demand: **N/A**

   (b) What was defendant's last offer?
   (1) Monetary offer: **N/A**
   (2) Non-monetary offer: N/A

3. The parties have ___ have not **X** exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   **The parties anticipate the exchange of Initial Rule 26 Disclosures within fourteen (14) days of the date of the Initial Scheduling Conference.**

4. Describe any discovery conducted other than the above disclosures.

   **None at this time.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

6. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:

   **The subjects for discovery include: All issues alleged in the Complaint, including but not limited to: (a) liability issues; (b) damages; (c) Plaintiff's prior contact with law enforcement.**

   (b) Should discovery be conducted in phases? If so, explain.

   **The parties do not feel that discovery needs to be conducted in phases.**

   **(c)** Number of interrogatories by each party to each other party: __**25**__.

   **(d)** Number of depositions to be taken by each party: **10.**

   (e) Plaintiff's expert reports due on:

   Plaintiff proposes: _____
   Defendants propose: **June 30, 2022**

   (f) Defendants' expert reports due on:

   Plaintiff proposes: _____
   Defendants propose: **August 30, 2022**

   (g) Motions to Amend or Add Parties to be filed by: **October 28, 2021**.

   (h) Dispositive motions to be served within **45** days after the completion of discovery.

  (i)  Factual discovery to be completed by:

    Plaintiff proposes: _____
    Defendants propose: __**May 20, 2022**__

  (j)  Expert depositions to be completed by:

    Plaintiff proposes: _____
    Defendants propose: _____**TBD**_____.

  (k)  Set forth any special discovery mechanism or procedure required, including data Preservation orders or protective orders:

    **The Parties anticipate the entry of a Discovery Confidentiality Order.**

  (l)  A pre-trial conference may take place on: **To be determined by the Court.**

  (m)  Trial date: On a date to be set by the Court (jury trial).

7. Do you anticipate any discovery problem(s)? Yes  **X**   No__.  If so, explain.
**Issues related to the ongoing COVID 19 Pandemic.**

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)?
**None known at this time.**

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R.01.1or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

  **Unable to be determined as discovery has not commenced.**

10. Is this case appropriate for bifurcation? Yes ___   No **X**

11. The Parties  Do _**Do Not**_**X**_ consent to the trial being conducted by a Magistrate Judge.

| | |
|---|---|
| **DANIEL W. SEXTON, LLC**<br>Attorney for Plaintiff, Nijeer Parks | **JAMES T. NOLAN & ASSOCIATES, LLC**<br>Attorney for Defendants, John E. McCormac, Robert Hubner Director of the Woodbridge Police, Woodbridge Police Officer Andrew Lyszk and Woodbridge Sgt. Joseph Licciardi |
| _____ | *s/ Fredrick L. Rubenstein, Esq.* |
| **DVORAK & ASSOCIATES, LLC**<br>Attorney for Defendants, Middlesex County Department of Corrections | **N. J. DEPARTMENT OF LAW AND PUBLIC SAFETY**<br>Attorney for Defendant, Christopher Kuberiet |
| *s/ Lori A. Dvorak, Esq.* | *s/ Jordynn E. Jackson, D.A.G.* |