# Daniel W. Sexton, Esq. LLC

ATTORNEY AT LAW
229 NEW CENTRE ROAD
HILLSBOROUGH, NEW JERSEY 088444
PHONE: (201) 406 – 9960
DanielSextonEsq@gmail.com

April 27, 2021

*Via ECF*
Honorable Leda Dunn Wettre. USMJ
Martin Luther King Building & U.S. Courthouse (MLK 3C)
50 Walnut Street
Newark, New jersey 07101

Re: Parks, Nijeer v. McCormack, John, et al
    Civil Action 2:21-cv-04021

Dear Judge Wettre:

### A. Introduction

I represent the plaintiff in the above referenced matter which is scheduled for an Initial Conference before Your Honor, tomorrow, Wednesday, April 28, 2020.

### B. Plaintiff Accepts Proposed Discovery Dates

Through my fault alone, I failed to participate when the parties conferred several weeks ago for the joint letter. However, please be advised that Plaintiff accepts the proposed dates at this time subject, of course, to further amendment as the matter progresses.

### C. Plaintiff's Description of the Action.

Plaintiff hereby offers his account of the claim:

> *Plaintiff, a Black American male, was the victim of an arrest by the Woodbridge Police based on a faulty match by a facial recognition technology which, upon information and belief, uses algorithms that are biased against African Americans. Moreover, Defendants either intentionally or with reckless disregard ignored that all the facts were exculpatory and made it obvious and manifest that Plaintiff had nothing to do whatsoever with the underlying crime. Indeed, all of the physical evidence was exculpatory. Inter alia, the facts that defendants ignored were that:*

1. Plaintiff is 5'7 while the Tennessee Driver's License which Woodbridge based its request for a facial recognition match indicated the bearer was 6'2. Additionally, witnesses identified the suspect as 5"10.

2. Defendants either had or should have had ample fingerprints of the suspect which would be exonerating.

3. Defendants either had or should have had DNA information of the suspect which would have been exonerating.

4. Defendant either had or should have had a sneaker of the suspect which would have been exonerating.

5. Plaintiff had never had a driver's license until a year after the incident at the basis of this lawsuit so that he could not have rented the car and driven the car involved in the underlying crime.

6. Plaintiff had an impregnable alibi as he was a Western Union office in Patterson at the exact time of the underlying crime.

Because the underlying crime involved an attempted assault on a police officer by a vehicle, Plaintiff was subjected to cruel and intimidating treatment by all defendants. This included an attempt to bring Plaintiff to a back room without cameras to attempt to beat him up- an attempt only thwarted when plaintiff feigned an asthma attack. Plaintiff was kept in intake for seven days which subjected him to cruel and unusual treatment. Despite all of the facts being exculpatory, the defendants persisted in the wrongful and malicious prosecution. Plaintiff was threatened with a twenty-year sentence in order to get him to take a plea bargain. It was only on the eve of trial, some ten months later that the court demanded some evidence if the State were to proceed.

Upon information and belief, Defendant entities and individuals have histories which provide a predicate for Monnll and analogous liability to be developed through broad discovery.

This ordeal deprived Plaintiff of his liberty, subjected him to cruel and unusual punishment, interfered with his work life, interfered with his personal life, interfered with this business reputation, and required payment to a private lawyer, and caused him great anxiety which continues to trouble him. Plaintiff's claims arise under both Federal law and state law.

## C. Conclusion

Thank you for your courtesies in this matter and I look forward to our (virtual) conference tomorrow.

Respectfully submitted,

DWS/swd

Daniel W. Sexton

cc *Lori Dvorak via ECF only*
*Frederick L. Rubenstein via ECF only*
*Jordyn Jackson, DAG via ECR only*
*Client via email only*

2