FREDRICK L. RUBENSTEIN, ESQ.
ATTORNEY ID. NO. 004651994
JAMES P. NOLAN AND ASSOCIATES, L.L.C.
61 GREEN STREET
WOODBRIDGE, NEW JERSEY 07095
TELEPHONE: (732) 636-3344 FAX: (732) 636-1175
Attorneys for Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NIJEER PARKS, | : |
| | : |
|         Plaintiff, | :   CIVIL ACTION NO. 2:21-cv-04021 |
| | : |
| -v- | : |
| | :   **ANSWER TO PLAINTIFF'S SECOND** |
| JOHN E. McCORMACK, MAYOR OF | :      **AMENDED COMPLAINT** |
| WOODBRIDGE, In his personal | : |
| and official capacity, ROBERT | : |
| HUBNER, DIRECTOR OF THE | : |
| WOODBRIDGE POLICE In his | : |
| personal and official capacity: | |
| CITY OF WOODBRIDGE POLICE | : |
| OFFICERS, ANDREW LYSZK and | : |
| WOODBRIDGE POLICE SGT. JOSEPH | : |
| LICCIARDI, WOODBRIDGE POLICE | : |
| OFFICERS JOHN AND JANE DOE 1- | : |
| 20, being as yet unknown | : |
| actors, MIDDLESEX DEPARTMENT | : |
| OF CORRECTIONS, JOHN and JANE | : |
| DOES 1-20, being unknown | : |
| actors, MIDDLESEX COUNTY | : |
| PROSECUTOR, ACTING PROSECUTOR | : |
| CHRISTOPHER KUBERIET, in his | : |
| personal and official | : |
| capacity, and ASSISTANT | : |
| MIDDLESEX COUNTY PROSECUTOR | : |
| PETER NATASI, and IDEMIA, | : |
| INC.'S being the maker of the | : |
| facial recognition software | : |
| and ABC CORPORATION, being an | : |
| as yet unknown seller or | : |
| servicer of the facial | : |
| recognition programs. | : |
| | : |
|         Defendants. | : |

Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, through their Attorneys, James P. Nolan and Associates, L.L.C., by way of Answer to Plaintiff's Second Amended Complaint say:

### FACTS COMMON TO ALL COUNTS

### *Incident at the Hampton Inn on January 26, 2019*

1.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 1 of Plaintiff's Second Amended Complaint.

2.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 2 of Plaintiff's Second Amended Complaint.

3.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 3 of Plaintiff's Second Amended Complaint.

4.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 4 of Plaintiff's Second Amended Complaint.

5.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 5 of Plaintiff's Second Amended Complaint.

6.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 6 of Plaintiff's Second Amended Complaint.

7.   These Defendants deny the allegations set forth in Paragraph 7 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

8.   These Defendants deny the allegations set forth in Paragraph 8 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

9.    These Defendants deny the allegations set forth in Paragraph 9 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

10.    These Defendants deny the allegations set forth in Paragraph 10 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

11.    These Defendants deny the allegations set forth in Paragraph 11 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

***Wrongful Issuance of Warrant of Arrest for Plaintiff***

12.    Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 12 of Plaintiff's Second Amended Complaint.

13.    Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 13 of Plaintiff's Second Amended Complaint.

14.    These Defendants deny the allegations set forth in Paragraph 14 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

15.    These Defendants deny the allegations set forth in Paragraph 15 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

16.    These Defendants deny the allegations set forth in Paragraph 16 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

17.    These Defendants deny the allegations set forth in Paragraph 17 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

18.   These Defendants deny the allegations set forth in Paragraph 18 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

19.   These Defendants deny the allegations set forth in Paragraph 19 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

20.   These Defendants deny the allegations set forth in Paragraph 20 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

21.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 21 of Plaintiff's Second Amended Complaint.

22.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 22 of Plaintiff's Second Amended Complaint.

23.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 23 of Plaintiff's Second Amended Complaint.

24.   These Defendants deny the allegations set forth in Paragraph 24 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

25.   These Defendants deny the allegations set forth in Paragraph 25 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

26.   These Defendants deny the allegations set forth in Paragraph 26 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

27.   These Defendants deny the allegations set forth in Paragraph 27 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

28.   These Defendants deny the allegations set forth in Paragraph 28 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

29.   These Defendants deny the allegations set forth in Paragraph 29 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

30.   These Defendants deny the allegations set forth in Paragraph 30 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

31.   These Defendants deny the allegations set forth in Paragraph 31 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

32.   These Defendants deny the allegations set forth in Paragraph 32 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

33.   These Defendants deny the allegations set forth in Paragraph 33 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

34.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 34 of Plaintiff's Second Amended Complaint.

35.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 35 of Plaintiff's Second Amended Complaint.

36.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 36 of Plaintiff's Second Amended Complaint.

37.   These Defendants deny the allegations set forth in Paragraph 37 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

38.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 38 of Plaintiff's Second Amended Complaint.

***Plaintiff's Wrongful Arrest***

39.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 39 of Plaintiff's Second Amended Complaint.

40.   These Defendants deny the allegations set forth in Paragraph 40 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

41.   These Defendants deny the allegations set forth in Paragraph 41 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

42.   These Defendants deny the allegations set forth in Paragraph 42 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

43.   These Defendants deny the allegations set forth in Paragraph 43 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

44.   These Defendants deny the allegations set forth in Paragraph 44 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

45.   These Defendants deny the allegations set forth in Paragraph 45 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

46.   These Defendants deny the allegations set forth in Paragraph 46 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

47.    These Defendants deny the allegations set forth in Paragraph 47 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

48.    These Defendants deny the allegations set forth in Paragraph 48 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

49.    These Defendants deny the allegations set forth in Paragraph 49 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

50.    These Defendants deny the allegations set forth in Paragraph 50 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

51.    These Defendants deny the allegations set forth in Paragraph 51 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

52.    These Defendants deny the allegations set forth in Paragraph 52 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

53.    These Defendants deny the allegations set forth in Paragraph 53 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

54.    These Defendants deny the allegations set forth in Paragraph 54 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

55.    These Defendants deny the allegations set forth in Paragraph 55 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

56.    These Defendants deny the allegations set forth in Paragraph 56 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

57.    These Defendants deny the allegations set forth in Paragraph 57 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

58.    These Defendants deny the allegations set forth in Paragraph 58 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

59.    These Defendants deny the allegations set forth in Paragraph 59 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

60.    These Defendants deny the allegations set forth in Paragraph 60 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

**_Plaintiff's Unlawful Confinement In Cruel and Unusual Conditions (8th)_**

61.    These Defendants deny the allegations set forth in Paragraph 61 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

62.    Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 62 of Plaintiff's Second Amended Complaint.

63.    Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 63 of Plaintiff's Second Amended Complaint.

64.    These Defendants deny the allegations set forth in Paragraph 64 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

65.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 65 of Plaintiff's Second Amended Complaint.

66.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 66 of Plaintiff's Second Amended Complaint.

67.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 67 of Plaintiff's Second Amended Complaint.

68.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 68 of Plaintiff's Second Amended Complaint.

*Insistence on Prosecution by Prosecutor Who Knew of Absence of Factual Basis*

69.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 69 of Plaintiff's Second Amended Complaint.

70.   These Defendants deny the allegations set forth in Paragraph 70 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

71.   These Defendants deny the allegations set forth in Paragraph 71 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

72.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 72 of Plaintiff's Second Amended Complaint.

73.   These Defendants deny the allegations set forth in Paragraph 73 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

*Personal Motive, Malice, or In Excess of Jurisdiction*

74.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 74 of Plaintiff's Second Amended Complaint.

75.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 75 of Plaintiff's Second Amended Complaint.

76.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 76 of Plaintiff's Second Amended Complaint.

77.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 77 of Plaintiff's Second Amended Complaint.

78.   These Defendants deny the allegations set forth in Paragraph 78 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

79.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 79 of Plaintiff's Second Amended Complaint.

80.   Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 80 of Plaintiff's Second Amended Complaint.

81.   These Defendants deny the allegations set forth in Paragraph 81 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

82.   These Defendants deny the allegations set forth in Paragraph 82 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

83.   These Defendants deny the allegations set forth in Paragraph 83 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

84.   These Defendants deny the allegations set forth in Paragraph 84 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

85.   These Defendants deny the allegations set forth in Paragraph 85 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

86.   These Defendants deny the allegations set forth in Paragraph 86 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

87.   These Defendants deny the allegations set forth in Paragraph 87 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

88.   These Defendants deny the allegations set forth in Paragraph 88 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

89.   These Defendants deny the allegations set forth in Paragraph 89 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

90.   These Defendants deny the allegations set forth in Paragraph 90 of the Facts Common To All Counts of Plaintiff's Second Amended Complaint.

**COUNT I**

**AS AND FOR A FIRST CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT**

91.   Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

92.   These Defendants deny the allegations set forth in Paragraph 92 of Count One of Plaintiff's Second Amended Complaint.

93.   These Defendants deny the allegations set forth in Paragraph 93 of Count One of Plaintiff's Second Amended Complaint.

94.   These Defendants deny the allegations set forth in Paragraph 94 of Count One of Plaintiff's Second Amended Complaint.

95.   These Defendants deny the allegations set forth in Paragraph 95 of Count One of Plaintiff's Second Amended Complaint.

## COUNT II

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF EQUAL PROTECTION

96.   Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

96.   These Defendants deny the allegations set forth in Paragraph 96 of Count Two of Plaintiff's Second Amended Complaint.

97.   These Defendants deny the allegations set forth in Paragraph 97 of Count Two of Plaintiff's Second Amended Complaint.

98.   These Defendants deny the allegations set forth in Paragraph 98 of Count Two of Plaintiff's Second Amended Complaint.

99.   These Defendants deny the allegations set forth in Paragraph 99 of Count Two of Plaintiff's Second Amended Complaint.

100. These Defendants deny the allegations set forth in Paragraph 100 of Count Two of Plaintiff's Second Amended Complaint.

101. These Defendants deny the allegations set forth in Paragraph 101 of Count Two of Plaintiff's Second Amended Complaint.

102. These Defendants deny the allegations set forth in Paragraph 102 of Count Two of Plaintiff's Second Amended Complaint.

103. These Defendants deny the allegations set forth in Paragraph 103 of Count Two of Plaintiff's Second Amended Complaint.

104. These Defendants deny the allegations set forth in Paragraph 104 of Count Two of Plaintiff's Second Amended Complaint.

105. These Defendants deny the allegations set forth in Paragraph 105 of Count Two of Plaintiff's Second Amended Complaint.

## COUNT III

### AS AND FOR A THIRD CAUSE OF ACTION FOR EXCESSIVE FORCE

106. Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

107. These Defendants deny the allegations set forth in Paragraph 107 of Count Three of Plaintiff's Second Amended Complaint.

108. These Defendants deny the allegations set forth in Paragraph 108 of Count Three of Plaintiff's Second Amended Complaint.

109. These Defendants deny the allegations set forth in Paragraph 109 of Count Three of Plaintiff's Second Amended Complaint.

110. These Defendants deny the allegations set forth in Paragraph 110 of Count Three of Plaintiff's Second Amended Complaint.

111. These Defendants deny the allegations set forth in Paragraph 111 of Count Three of Plaintiff's Second Amended Complaint.

112. These Defendants deny the allegations set forth in Paragraph 112 of Count Three of Plaintiff's Second Amended Complaint.

113. These Defendants deny the allegations set forth in Paragraph 113 of Count Three of Plaintiff's Second Amended Complaint.

114. These Defendants deny the allegations set forth in Paragraph 114 of Count Three of Plaintiff's Second Amended Complaint.

115. These Defendants deny the allegations set forth in Paragraph 115 of Count Three of Plaintiff's Second Amended Complaint.

116. These Defendants deny the allegations set forth in Paragraph 116 of Count Three of Plaintiff's Second Amended Complaint.

## COUNT IV

### WOODBRIDGE TOWNSHIP IS LIABLE BECAUSE THE VIOLATIONS OF PLAINTIFF'S RIGHTS WERE CAUSED BY A MUNICIPAL POLICY OR CUSTOM

117. Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

118. These Defendants deny the allegations set forth in Paragraph 118 of Count Four of Plaintiff's Second Amended Complaint.

119. These Defendants deny the allegations set forth in Paragraph 119 of Count Four of Plaintiff's Second Amended Complaint.

120. These Defendants deny the allegations set forth in Paragraph 120 of Count Four of Plaintiff's Second Amended Complaint.

121. These Defendants deny the allegations set forth in Paragraph 121 of Count Four of Plaintiff's Second Amended Complaint.

## COUNT V

### THE MIDDLESEX COUNTY PROSECUTOR IS LIABLE BECAUSE THE VIOLATIONS OF PLAINTIFF'S RIGHTS WERE CAUSED OR WERE THE RESULT OF PERSONAL MOTIVE, MALICIOUS INTENT OR IN EXCESS OF ITS JURISDICTION

122. Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

123. These Defendants neither admit nor deny the allegations set forth in Paragraph 123 of Count Five of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

124. These Defendants neither admit nor deny the allegations set forth in Paragraph 124 of Count Five of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

125. These Defendants neither admit nor deny the allegations set forth in Paragraph 125 of Count Five of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

126. These Defendants neither admit nor deny the allegations set forth in Paragraph 126 of Count Five of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

127. These Defendants neither admit nor deny the allegations set forth in Paragraph 127 of Count Five of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

## COUNT VI

### AS AND FOR A SIXTH CAUSE OF ACTION FOR CRUEL AND UNUSUAL PUNISHMENT BY DEFENDANT MIDDLESEX COUNTY CORRECTIONS DEPARTMENT

128. Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

129. Plaintiff is left to his proofs pertaining to the allegations set forth in Paragraph 129 of Plaintiff's Second Amended Complaint.

130. These Defendants neither admit nor deny the allegations set forth in Paragraph 130 of Count Six of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

131. These Defendants neither admit nor deny the allegations set forth in Paragraph 131 of Count Six of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

132. These Defendants neither admit nor deny the allegations set forth in Paragraph 132 of Count Six of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

132. These Defendants neither admit nor deny the allegations set forth in Paragraph 132 of Count Six of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

132. These Defendants neither admit nor deny the allegations set forth in Paragraph 132 of Count Six of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

133. These Defendants neither admit nor deny the allegations set forth in Paragraph 133 of Count Six of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

134. These Defendants neither admit nor deny the allegations set forth in Paragraph 134 of Count Six of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

135. These Defendants neither admit nor deny the allegations set forth in Paragraph 135 of Count Six of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

136. These Defendants neither admit nor deny the allegations set forth in Paragraph 136 of Count Six of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

## COUNT VII

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR CIVIL CONSPIRACY UNDER SECTION 1985 OF THE UNITED STATES CODE AND UNDER THE NEW JERSEY CIVIL RIGHTS LAW (N.J.S.A. 10-12.1, ET SEQ.)

137. Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

138. These Defendants deny the allegations set forth in Paragraph 138 of Count Seven of Plaintiff's Second Amended Complaint.

139. These Defendants deny the allegations set forth in Paragraph 139 of Count Seven of Plaintiff's Second Amended Complaint.

140. These Defendants deny the allegations set forth in Paragraph 140 of Count Seven of Plaintiff's Second Amended Complaint.

## COUNT VIII (PLAINTIFF'S SECOND COUNT VII)

### THE COUNTY OF MIDDLESEX IS LIABLE BECAUSE THE VIOLATIONS OF PLAINTIFF'S RIGHTS WERE CAUSED BY A POLICY OR CUSTOM

141. Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

142. These Defendants neither admit nor deny the allegations set forth in Paragraph 142 of Count Eight of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

143. These Defendants neither admit nor deny the allegations set forth in Paragraph 143 of Count Eight of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

## COUNT IX (PLAINTIFF'S COUNT VIII)

### AS AND FOR A (PLAINTIFF'S EIGHTH) CAUSE OF ACTION CIVIL CONSPIRACY

144. Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

145. These Defendants deny the allegations set forth in Paragraph 145 of Count Nine (Plaintiff's Count VIII) of Plaintiff's Second Amended Complaint.

146. These Defendants deny the allegations set forth in Paragraph 146 of Count Nine (Plaintiff's Count VIII) of Plaintiff's Second Amended Complaint.

## COUNT X (PLAINTIFF'S SECOND COUNT VIII)

### AS AND FOR A (PLAINTIFF'S SECOND EIGHTH) CAUSE OF ACTION FOR NEGLIGENT MANUFACTURE OR SALE

147. Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

148. These Defendants neither admit nor deny the allegations set forth in Paragraph 148 of Count Ten (Plaintiff's Second Count VIII) of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

149. These Defendants neither admit nor deny the allegations set forth in Paragraph 149 of Count Ten (Plaintiff's Second Count VIII) of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

150. These Defendants neither admit nor deny the allegations set forth in Paragraph 150 of Count Ten (Plaintiff's Second Count VIII) of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

151. These Defendants neither admit nor deny the allegations set forth in Paragraph 151 of Count Ten (Plaintiff's Second Count VIII) of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

152. These Defendants neither admit nor deny the allegations set forth in Paragraph 152 of Count Ten (Plaintiff's Second Count VIII) of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

### COUNT XI (PLAINTIFF'S COUNT IX)

### AS AND FOR A (PLAINTIFF'S NINTH) CAUSE OF ACTION, THE MANUFACTURER(S), DESIGNER(S), AND SELLER(S) OF THE FACIAL RECOGNITION TECHNOLOGY EXHIBITED MALICE OR SHOCKING DISREGARD SO THAT PUNITIVE DAMAGES ARE APPROPRIATE

153. Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi, hereby incorporate and re-assert each and every response as set forth in the above-paragraphs as if fully stated herein.

154. These Defendants neither admit nor deny the allegations set forth in Paragraph 154 of Count Eleven (Plaintiff's Count Nine) of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

155. These Defendants neither admit nor deny the allegations set forth in Paragraph 155 of Count Eleven (Plaintiff's Count IX) of Plaintiff's Second Amended Complaint and hereby leaves Plaintiff to his proofs.

**WHEREFORE,** Defendants demand judgment dismissing Plaintiff's Second Amended Complaint with Prejudice, attorney's fees and costs and for such other relief as this Court may deem proper and just.

### FIRST SEPARATE DEFENSE

Any and all injuries and damages that Plaintiff may have sustained were caused by Plaintiff's sole actions.

### SECOND SEPARATE DEFENSE

Any and all injuries and damages that Plaintiff may have sustained were caused by Plaintiff's comparative negligence.

### THIRD SEPARATE DEFENSE

Any and all injuries and damages that Plaintiff may have sustained were caused solely by the negligence of third persons over whom these Defendants had no control.

### FOURTH SEPARATE DEFENSE

Any and all injuries and damages that Plaintiff may have sustained were caused solely by the negligence of third parties not parties to this suit and unknown to these Defendants.

### FIFTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SIXTH SEPARATE DEFENSE

Plaintiff's cause of action is barred by the applicable Statute of Limitations.

### SEVENTH SEPARATE DEFENSE

Defendants did not violate any duty owed to Plaintiff under common law, statute, regulations and/or standards.

### EIGHTH SEPARATE DEFENSE

Defendants conduct was not negligent which negligence was the proximate or producing cause of any injuries or damages alleged by

Plaintiff.

### NINTH SEPARATE DEFENSE

Defendants conduct was not the proximate cause of Plaintiff's alleged damages.

### TENTH SEPARATE DEFENSE

This Court lacks subject matter jurisdiction over the subject matter alleged in Plaintiff's Complaint.

### ELEVENTH SEPARATE DEFENSE

Plaintiff's alleged damages were due to unavoidable circumstances and causes beyond the control or fault of these Defendants.

### TWELFTH SEPARATE DEFENSE

Plaintiff's alleged damages were caused by his own willful and illegal conduct.

### THIRTEENTH SEPARATE DEFENSE

The intentional, unlawful and/or criminal conduct of the Plaintiff is the direct and proximate cause of his alleged damages, if any.

### FOURTEENTH SEPARATE DEFENSE

Defendants expressly and specifically reserve and implead any and all rights, remedies and immunities pursuant to the provisions of the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1, *et seq.*, and, as such, the Plaintiff is barred from recovery.

### FIFTEENTH SEPARATE DEFENSE

Defendants assert all of the immunities, rights and privileges afforded by the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1, *et*

*seq.*, including but not limited to Sections 2-2,2-3,2-6,2-7,3-1,3-2,3-7,4-1,4-2,4-3,4-4,4-5,4-6,4-7,4-8,4-9,8-3,8-4,8-5,8-6,8-7,8-8,8-9, 8-10,9-2,9-3,9-4 and 9-6.

### SIXTEENTH SEPARATE DEFENSE

Defendants are immune from liability for any damages for pain and suffering pursuant to *N.J.S.A.* 59:9-2(d).

### SEVENTEENTH SEPARATE DEFENSE

Defendants, if involved at all, acted within the scope of their authority and in good faith in the performance of their duties and therefore these Defendants are entitled to qualified immunity.

### EIGHTEENTH SEPARATE DEFENSE

These Defendants, if involved at all, acted reasonably and properly under the circumstances.

### NINETEENTH SEPARATE DEFENSE

These Defendants acted at all times with probable cause.

### TWENTIETH SEPARATE DEFENSE

These Defendants deny the allegations of improper conduct as set forth in Plaintiff's Complaint; however, the alleged misconduct does not rise to the level of a constitutional violation.

### TWENTY-FIRST SEPARATE DEFENSE

Defendants, in carrying out their duties, acted in good faith and without malicious intent to deprive Plaintiff of his constitutional rights.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff has failed to exhaust her State and/or

administrative remedies.

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

### TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### TWENTY-SIXTH SEPARATE DEFENSE

These Defendants did not deny Plaintiff of any constitutional protections or otherwise violate he civil rights under the United States Constitution or the Constitution of the State of New Jersey.

### TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's action has been commenced in bad faith and with the intent to harass these Defendants and cause these Defendants to incur great sums of money to defend this cause of action, and therefore these Defendants will seek reimbursement of their attorney's fees and costs pursuant to *N.J.S.A.* 2A:15-59.1.

### TWENTY-EIGHT SEPARATE DEFENSE

These Defendants are shielded from liability for civil damages because the alleged conduct did not violate clearly established statutory and/or constitutional rights of which a reasonable person would have known.

**TWENTY-NINTH SEPARATE DEFENSE**

These Defendants are protected by a qualified privilege and thus Plaintiff is barred from any recovery herein.

**THIRTIETH SEPARATE DEFENSE**

Plaintiff's claims are not actionable because there is no evidence or allegation that the alleged governmental misconduct was the result of deliberate indifference by these Defendants.

**THIRTY-FIRST SEPARATE DEFENSE**

At all times relevant hereto, these Defendants had the legal right to detain and restrain Plaintiff for purposes of the protection of these Defendants and other members of the public; said detention was reasonable in both type and length.

**THIRTY-SECOND SEPARATE DEFENSE**

Without admitting that any physical contact occurred, that at the time and place of the acts complained of in the Second Amended Complaint, Plaintiff was making a disturbance in a public place at which time these Defendants proceeded to restrain and contain Plaintiff.

**THIRTY-THIRD SEPARATE DEFENSE**

At no time relevant to this litigation was Plaintiff deprived of life, liberty or property thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

**THIRTY-FOURTH SEPARATE DEFENSE**

At all times relevant to this litigation, Defendants acted in good faith and with probable cause and entertained an honest, reasonable belief that the actions of these Defendants were

reasonable and necessary thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

<u>**THIRTY-FIFTH SEPARATE DEFENSE**</u>

These Defendants were under a legal duty to arrest Plaintiff.

<u>**THIRTY-SIXTH SEPARATE DEFENSE**</u>

The conduct of these Defendants did not deprive Plaintiff of his rights, privileges or immunities secured by the Constitution or laws of the United States.

<u>**THIRTY-SEVENTH SEPARATE DEFENSE**</u>

These Defendants were under a legal duty to arrest Plaintiff.

<u>**THIRTY-EIGHTH SEPARATE DEFENSE**</u>

Plaintiff failed to properly comply with the notice provisions of the New Jersey Tort Claims Act.

<u>**THIRTY-NINTH SEPARATE DEFENSE**</u>

At no time relevant to this litigation was Plaintiff deprived of life, liberty, or property thereby precluding Plaintiff from maintaining any causes of action for any violation of civil rights.

<u>**FORTIETH SEPARATE DEFENSE**</u>

These Defendants is entitled to absolute immunity.

<u>**FORTY-FIRST SEPARATE DEFENSE**</u>

All of the acts of these Defendants were performed in their official capacities and they had no personal animus towards Plaintiff and therefore all claims that these Defendants acted in their individual capacities and with malice or ill-will should be dismissed.

**FORTY-SECOND SEPARATE DEFENSE**

Punitive Damages cannot be awarded against these Defendants.

**FORTY-THIRD SEPARATE DEFENSE**

These Defendants reserve the right to present any defense and/or immunity permitted under *N.J.S.A.* 10:6-1 <u>et. seq</u>.

**FORTY-FOURTH SEPARATE DEFENSE**

These Defendants have no policy, scheme, practice nor custom to violate the constitutional rights of any of their citizens, nor do these Defendants have a custom, policy, scheme or practice to tolerate or permit any violation of constitutional rights and therefore Plaintiff's Complaint should be dismissed.

**FORTY-FIFTH SEPARATE DEFENSE**

These Defendants have trained police officers employed by the Township of Woodbridge Police Department in accordance with the New Jersey State Training Commission, the Attorney General Guidelines, and the Rules and Regulations of the Township of Woodbridge Police Department, and therefore, any claims of Plaintiff alleging improper training should be dismissed.

**JURY DEMAND**

Pursuant to Federal Rule Civil Procedure 38(b), the Defendants demand a trial by jury as to all issues involved herein.

**DEMAND FOR DAMAGES**

These Defendants demand a written statement of the amount of damages claimed within ten (10) days after service thereof.

## DESIGNATION OF TRIAL COUNSEL

    Please be advised that Fredrick L. Rubenstein, Esq. is hereby designated as trial counsel on behalf of the Defendants.

JAMES P. NOLAN AND ASSOCIATES
Attorneys for Defendants

By: _____
       Fredrick L. Rubenstein, Esq.

Dated: June 7, 2021