**FREDRICK L. RUBENSTEIN, ESQ.**
**ATTORNEY ID. NO. 004651994**
**JAMES P. NOLAN AND ASSOCIATES, L.L.C.**
**61 GREEN STREET**
**WOODBRIDGE, NEW JERSEY 07095**
**TELEPHONE: (732) 636-3344 FAX: (732) 636-1175**
**Attorneys for Defendants, John E. McCormac (improperly pled as John E. McCormack) Mayor of Woodbridge, Robert Hubner Director of the Woodbridge Police, Township of Woodbridge, City of Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Licciardi**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NIJEER PARKS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 2:21-cv-04021-JXN-LDW |
| -v- | : | |
| | : | |
| JOHN E. McCORMACK, MAYOR OF | : | |
| WOODBRIDGE, In his personal | : | |
| and official capacity, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

---

BRIEF IN SUPPORT OF MOTION TO ENTER JUDGMENT ON THE PLEADINGS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AS TO DEFENDANTS, JOHN E. MCCORMAC (improperly pled as John E. McCormack) MAYOR OF WOODBRIDGE AND WOODBRIDGE POLICE SERGEANT JOSEPH LICCIARDI, PURSUANT TO FED. R. CIV. P. 12(C)

---

Fredrick L. Rubenstein, Esq.
On the Brief

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................................ii

PRELIMINARY STATEMENT..................................................................1

STATEMENT OF FACTS.....................................................................3

STANDARD..............................................................................5

LEGAL ARGUMENT........................................................................7

     POINT I..........................................................................7

          PLAINTIFF'S CLAIMS AGAINST MAYOR MCCORMAC IN HIS
          OFFICIAL CAPACITY ARE REDUNDANT IN LIGHT OF
          PLAINTIFF'S CLAIMS AGAINST THE TOWNSHIP OF WOODBRIDGE

     POINT II.........................................................................9

          PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY FACTS TO
          SUPPORT THE CLAIMS MAYOR MCCORMAC PERSONALLY

     POINT III........................................................................11

          PLAINTIFF ERRONEOUSLY NAMED SERGEANT JOSEPH LICCIARDI
          IN REFERENCING WARRANT 2019000156

     POINT IV.........................................................................13

          DISMISSAL SHOULD BE GRANTED WITHOUT LEAVE TO AMEND

     POINT V..........................................................................15

          PLAINTIFF'S FAILURE TO PLEAD SUFFICIENT FACTS
          REGARDING MAYOR MCCORMAC AND SERGEANT LICCIARDI UNDER
          SECTION 1983 AND 1985 SUPPORT JUDGMENT ON THE
          PLEADINGS AS TO PLAINTIFF'S CLAIMS UNDER THE NEW
          JERSEY CIVIL RIGHTS ACT ("NJCRA")

CONCLUSION............................................................................16

## <u>TABLE OF AUTHORITIES</u>

<u>Alston v. Parker</u>,

    363 F.3d 229, 236 (3d Cir. 2004).................................14

<u>Ashcroft v. Iqbal</u>,

    556 U.S. 662, 678 (2009)...................................5,6,9

<u>Baklayan v. Ortiz</u>,

    Civil Action No. 11-03943 (CCC), 2012 U.S. Dist. LEXIS

    48705, at *21 (D.N.J. Apr. 5, 2012)......................15

<u>Bell Atlantic Corp. v. Twombly</u>,

    550 U.S. 554, 556 (2007)....................................5

<u>Congregation Kol Ami v. Abington Twp.</u>,

    CIV.A. 01-1919, 2004 U.S. Dist. LEXIS 16397, at *19 (E.D.

    Pa. Aug. 17, 2004).........................................8

<u>Dare v. Twp. of Hamilton</u>,

    Civil No. 13-1636(JBS/JS), 2013 U.S. Dist. LEXIS 164129 at

    *19-20 (D.N.J. Nov. 18, 2013)..............................9

<u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>,

    482 F.3d 247, 252 (3d Cir. 2007)..........................13

<u>Hafer v. Melo</u>,

    502 U.S. 21, 25 (1991)...................................7,8

<u>Kentucky v. Graham</u>,

    473 U.S. 159, 166 (1985)...................................7

<u>Monell v. New York City Dept. of Social Services</u>,

    436, U.S. 658, 690 (1978)..................................7

ii

Pension Benefit Guar. Corp. v. White Consol. Indus.,

    998 F.2d 1192, 1196 (3d Cir. 1993)................................................12

Phillips v. County of Allegheny,

    515 F.3d 224, 233 (3d Cir. 2008)................................................5

Polk Cnty. v. Dodson,

    454 U.S. 312, 326 (1981)................................................7

Robinson v. City of Pittsburgh,

    120 F.3d 1286, 1294 (3d Cir. 1997)................................................9

Rode v. Dellarciprete,

    845 F.2d 1195, 1207 (3d Cir. 1988)................................................9

Rodriguez v. City of Camden,

    09-CV-1909 NLH KMW, 2011 U.S. Dist. LEXIS 9981, at *5

    (D.N.J. Feb. 2, 2011)................................................8

Sample v. Diecks,

    885 F.2d 1099, 1117-18 (3d Cir. 1989)................................................10

Santiago v. Warminster Twp.,

    629 F.3d 121, 127 n.5 (3d Cir. 2010)................................................9

Turbe v. Gov't of V.I.,

    938 F.2d 427, 428 (3d Cir. 1991)................................................5

Watterson v. Page,

    987 F.2d 1, 3-4 (1st Cir. 1993)................................................12

**Statutes**

42 U.S.C. § 1983................................................*passim*

42 U.S.C. § 1985................................................*passim*

N.J.S.A. 10:6-2.................................................................................*passim*

**Rules**

Fed R. Civ. P. 12(b)(6) ....................................................................*passim*

Fed R. Civ. P. 12(c) ........................................................................*passim*

## **PRELIMINARY STATEMENT**

This matter arises from the alleged wrongful arrest of Plaintiff, Nijeer Parks, wherein Plaintiff alleges various claims against multiple individual defendants, both in their official and personal capacities and entities. Specifically, Plaintiff names the Mayor of the Township of Woodbridge, John E. McCormac (improperly pled as John E. McCormack) and Woodbridge Police Sergeant Joseph Licciardi, but does not allege facts to support any claims against them. Therefore, Defendants, Mayor John E. McCormac and Woodbridge Police Sergeant Joseph Licciardi, move for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

Mayor McCormac is named in the caption of Plaintiff's Complaint in both his official and individual capacity. However, Mayor McCormac is referenced in only a single paragraph of Plaintiff's Second Amended Complaint. First, suits brought against supervisors in their "official capacities" are actually suits against the government entity employing them. Therefore, Plaintiff's claims against Mayor McCormac in his official capacity would continue against Defendant, Township of Woodbridge. Second, Plaintiff does not allege any factual basis to support a claim against Mayor McCormac personally.

Similarly, Defendant, Woodbridge Police Sergeant Joseph Licciardi, is named in both his official and personal capacity. Plaintiff's sole allegation against Sergeant Licciardi is that he

1

approved a criminal complaint and warrant. Upon review of the criminal complaint and warrant that Plaintiff references, it is clear that this allegation is patently false. Sergeant Licciardi had no participation in the complaint and warrant, therefore there are no facts to support any claim against Sergeant Licciardi in his official or personal capacities. With respect to the civil conspiracy claims against Mayor McCormac and Sergeant Licciardi, Plaintiff does not provide any factual basis to support the civil conspiracy claim under Section 1985. Plaintiff merely recites the elements of the cause of action.

As the Court is aware, Plaintiff's Second Amended Complaint is the third version of Plaintiff's Complaint. Despite two revisions to the original Complaint, Plaintiff cannot allege any facts to support a viable claim against Defendants, Mayor McCormac and Sergeant Licciardi. Therefore, a dismissal without leave to amend is justified on the basis of futility.

For all these reasons, it is respectfully requested that the Court enter a Judgment on the Pleadings and dismiss Plaintiff's Second Amended Complaint against Mayor John E. McCormac and Sergeant Joseph Licciardi with prejudice.

STATEMENT OF FACTS

For the purposes of this motion only, Movants accept the factual and procedural recitation contained within Plaintiff's Second Amended Complaint filed on June 1, 2021. Plaintiff alleges that Detective Santiago Tapia of the Woodbridge Police Department sent a photograph of a suspect from a fake license obtained at the scene to the Regional Operations Intelligence Center (ROIC) and the New York State Intelligence Center (NYSIC) for facial recognition analysis. *ECF No. 16*, Plaintiff's Second Amended Complaint at ¶ 12. The analysis the of photograph from the fake license resulted in a "high profile" match to Plaintiff. *Id.* at ¶ 13. Plaintiff alleges that the Defendants should have utilized other sources to verify the identify of the suspect. *Id.* at ¶ 20.

Subsequently, Defendant, Officer Andrew Lyszk, swore out "Warrant #2019000156" for Plaintiff's arrest. *Id.* at ¶ 29. Plaintiff alleges that Defendant, Sergeant Joseph Licciardi, approved Warrant #2019000156. *Id.* Plaintiff alleges that "[t]he misconduct of the Woodbridge Police defendants is a result, *inter alia*, of failure to train, negligent hiring, failure to supervise, failure to discipline, and these failures were all the result of the actions or omissions of Mayor McCormack and or Police Director Hubner." *Id.* at ¶ 32.

Plaintiff claims that Sergeant Licciardi acted in his individual capacity and under the color of state law to maliciously

3

prosecute Plaintiff. *Id.* at ¶ 92. Plaintiff claims that Sergeant Licciardi, among other Defendants, are liable through "Section 1983" and the New Jersey Civil Rights Act ("NJCRA"). *Id.* at ¶ 94.

Plaintiff also alleges generally that all Defendants engaged in a civil conspiracy in violation of Section 1985. *Id.* at ¶¶ 137-140 and 144-146.

There are no other factual allegations or accusations directed towards Defendants, Mayor McCormac and Sergeant Licciardi, in Plaintiff's Second Amended Complaint.

**STANDARD**

"After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). In deciding the motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

The Supreme Court laid out two principles to analyze motions under Rule 12(b)(6). First, "the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id.

Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Id. at 678. Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 664-65. A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the

5

defendant is liable for the misconduct alleged." Id. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007)). This is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS AGAINST MAYOR MCCORMAC IN HIS OFFICIAL CAPACITY ARE REDUNDANT IN LIGHT OF PLAINTIFF'S CLAIMS AGAINST THE TOWNSHIP OF WOODBRIDGE**

To state a claim under § 1983, the plaintiff must allege that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. Official capacity suits are simply an alternative to "pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 166 (1985)(quoting Monell v. New York City Dept. of Social Services, 436, U.S. 658, 690 (1978)). In contrast, personal capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." Id. Thus, "to establish personal liability in a § 1983 action, it is enough to show that the official acting under color of state law, caused the deprivation of a federal right." Id. An official capacity action requires more because a governmental entity is liable under § 1983 only when official policy is "the moving force of the constitutional violation." Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). "Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25 (1991) (quotations omitted). The real party in interest

7

in an official-capacity suit is the governmental entity and not the named official. Id.

Here, in the caption of the Second Amended Complaint, Plaintiff names Defendants, Mayor John E. McCormac (improperly pled as John E. McCormack) in both his official and individual capacities. In Count IV of the Second Amended Complaint, Plaintiff alleges that Woodbridge Township is liable because the violations of Plaintiff's rights were caused by a municipal policy or custom. ECF at ¶ 118. As Woodbridge Township is a named Defendant, Plaintiff's claim against Mayor McCormac in his official capacity is redundant. Accordingly, Court may exercise its discretion by granting the motion for judgment on the pleadings dismissing the claims asserted against Mayor McCormac in his official capacity. See e.g. Rodriguez v. City of Camden, 09-CV-1909 NLH KMW, 2011 U.S. Dist. LEXIS 9981, at *5 (D.N.J. Feb. 2, 2011) ("Claims asserted against both a government entity and the entity's agents in their official capacity warrant dismissal of the redundant official-capacity suits."); Congregation Kol Ami v. Abington Twp., CIV.A. 01-1919, 2004 U.S. Dist. LEXIS 16397, at *19 (E.D. Pa. Aug. 17, 2004)("Because the Township is already a named party, the suit against [defendant] in his official capacity is wholly redundant and the Court will dismiss him as a Defendant.").

## POINT II

**PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY FACTS TO SUPPORT THE CLAIMS MAYOR MCCORMAC PERSONALLY**

Liability under §1983 is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997). A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, a plaintiff must allege that each defendant supervisor directed the allegedly unconstitutional conduct, or at least that he actually knew of and acquiesced in it. Id.

A supervisor can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm" or if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." Santiago v. Warminster Twp., 629 F.3d 121, 127 n.5 (3d Cir. 2010) (citations omitted). "The connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at 130 (citations omitted).

> Facts showing personal involvement of the defendant must
> be asserted; such assertions may be made through
> allegations of specific facts showing that a defendant
> expressly directed the deprivation of a plaintiff's
> constitutional rights or created such policies where the
> subordinates had no discretion in applying the policies
> in a fashion other than the one which actually produced
> the alleged deprivation; e.g., supervisory liability may
> attach if the plaintiff asserts facts showing that the
> supervisor's actions were "the moving force" behind the
> harm suffered by the plaintiff.

Dare v. Twp. of Hamilton, Civil No. 13-1636(JBS/JS), 2013 U.S.

Dist. LEXIS 164129 at *19-20 (D.N.J. Nov. 18, 2013)(citing Sample

v. Diecks, 885 F.2d 1099, 1117-18 (3d Cir. 1989)); see also Iqbal,

556 U.S. at 676-686).

Here, Plaintiff's sole allegation referencing Mayor McCormac reads "[t]he misconduct of the Woodbridge Police defendants is a result, *inter alia*, of failure to train, negligent hiring, failure to supervise, failure to discipline, and these failures were all the result of the actions of omissions of Mayor McCormack and or Police Director Hubner." ECF 16 at ¶ 32. There is no count in Plaintiff's Second Amended Complaint for supervisory liability under § 1983. More importantly, aside from the conclusory allegation in Paragraph 32 of Plaintiff's Second Amended Complaint, there are no facts alleged to suggest Mayor McCormac's personal involvement in the alleged violations. There are no facts to suggest that Mayor McCormac was the moving force for the deprivation of Plaintiff's constitutional rights or created policies to that effect.

Additionally, the Court should be aware that Mayor McCormac does not personally supervise, train or discipline the members of the Woodbridge Police Department. Plaintiff concedes as much in his Complaint by adding "and or Police Director Hubner" in Paragraph 32. ECF 16 at ¶ 32. It is clear that Plaintiff's Second Amended Complaint is devoid of any factual support for a claim against Mayor McCormac in his personal capacity.

Similarly, Plaintiff's claim for civil conspiracy under § 1985 must be dismissed as to Mayor McCormac and Sergeant Licciardi. There are no factual allegations to support a conspiracy claim under § 1985. Plaintiff merely recites the elements for a § 1985(3) conspiracy in Count VII and in Count VIII of the Second Amended Complaint.[1]

Accordingly, it is respectfully requested that the Court grant judgment on the pleadings in favor of Mayor McCormac and dismiss all claims against him.

## POINT III

### PLAINTIFF ERRONEOUSLY NAMED SERGEANT JOSEPH LICCIARDI IN REFERENCING WARRANT 2019000156

Plaintiff also names Defendant, Sergeant Joseph Licciardi, both in his official and personal capacity. For the reasons stated above, it is respectfully requested that this Court exercise

---

[1] The Court will note that there are two counts labeled "Count VII" and two counts labeled "Count VIII". Defendants are referring to Count VII in ¶¶ 137-140 and Count VIII in ¶¶ 144-146 of the Second Amended Complaint.

discretion and dismiss the official capacity claims against Sergeant Licciardi.

Generally, in a Rule 12(b)(6) application, the court should generally only consider allegations contained in the complaint, the exhibits attached to the complaint and matters of public record. See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993). However, a court may also consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if plaintiff's claims are based on that document. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

The only factual allegation against Sergeant Licciardi is that he allegedly approved Woodbridge Police Officer Andrew Lyszyk's sworn out Complaint/Warrant. Plaintiff specifically cites to Warrant #2019000156 as the document to which Sergeant Licciardi allegedly approved and forms the sole basis of Plaintiff's theory of liability against Sergeant Licciardi.

Upon careful review of Warrant #2019000156, there is not a single reference to Sergeant Joseph Licciardi. See Exhibit A attached to Certification of Counsel. Additionally, Defendant, Officer Andrew Lyszk did not certify Warrant #2019000156 as Plaintiff alleges. It is clear that Sergeant Licciardi did not approve Warrant #2019000156.

12

Presumably, Plaintiff is referring to Warrant #2019000158 wherein Officer Lyszyk swore to the allegations contained therein. It is respectfully submitted that Plaintiff's mistakenly referenced Warrant #2019000156 instead of Warrant #2019000158 as the basis for his claims against Defendants, Officer Lyszk and Sergeant Licciardi. Upon careful review of Warrant #2019000158, it is clear that Plaintiff is mistaken again. Sergeant Licciardi did not approve Warrant #2019000158 and his name does not appear on that document. See Exhibit B attached to Certification of Counsel

Additionally, there are no other facts alleging Sergeant Licciardi's involvement in the arrest, prosecution, imprisonment or other such claims in the body of the Complaint. Plaintiff erred when he named Sergeant Licciardi as a Defendant in this matter. Accordingly, it is respectfully requested that the Court grant judgment on the pleadings in favor of Sergeant Licciardi and dismiss all claims against him.

## POINT IV

### DISMISSAL SHOULD BE GRANTED WITHOUT LEAVE TO AMEND

In dismissals under Rule 12(c), analyzed under Rule 12(b)(6), the courts generally grant leave to amend a complaint before dismissing it as deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007). However, dismissal without leave to amend is justified only on the

grounds of bad faith, undue delay, prejudice or futility. Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

The Court should also take judicial notice of Plaintiff's First Amended Complaint. See *ECF* 1. In Plaintiff's First Amended Complaint, except for in the caption, Mayor McCormac is not mentioned once in the body of the complaint. It is clear that Plaintiff's inclusion of Mayor McCormac in the Second Amended Complaint is without merit and prejudicial. Plaintiff added Mayor McCormac in the body of the Second Amended Complaint only passingly in an effort to keep Mayor McCormac in this litigation. Additionally, Plaintiff's sole factual basis for his claims against Sergeant Licciardi is patently false. It is a clear error and therefore granting Plaintiff leave to amend would be futile.

Plaintiff is on his second revision of the original complaint. Plaintiff has had multiple opportunities to allege sufficient facts to support his allegations against Mayor McCormac and Sergeant Licciardi. Providing Plaintiff with a third opportunity to revise would be futile and prolonging litigation against Mayor McCormac and Sergeant Licciardi would be prejudicial in light of that futility. Accordingly, it is respectfully requested that the Court enter dismissal with prejudice in favor of Mayor McCormac and Sergeant Licciardi.

## POINT V

**PLAINTIFF'S FAILURE TO PLEAD SUFFICIENT FACTS REGARDING MAYOR MCCORMAC AND SERGEANT LICCIARDI UNDER SECTION 1983 AND 1985 SUPPORT JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S CLAIMS UNDER THE NEW JERSEY CIVIL RIGHTS ACT ("NJCRA")**

The NJCRA creates a private right of action for deprivations of "any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of [New Jersey]" N.J.S.A. § 10:6-2. The NCRA is analogous to the federal civil rights statutes and "courts have interpreted the statute 'in terms nearly identical to its federal counterpart; Section 1983." Baklayan v. Ortiz, Civil Action No. 11-03943 (CCC), 2012 U.S. Dist. LEXIS 48705, at *21 (D.N.J. Apr. 5, 2012)(citation omitted).

Plaintiff failed to allege any factual basis to hold Mayor McCormac and Sergeant Licciardi liable in their individual capacities under the federal civil rights statute and Plaintiff's official capacity claims will continue through Woodbridge Township. Therefore, it is respectfully requested the Court enter a judgment on the pleadings as to Plaintiff's NJCRA claims against Mayor McCormac and Sergeant Licciardi.

## <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully requested that the Court enter a Judgment on the Pleadings pursuant to Rule 12(c) and dismiss Plaintiff's Second Amended Complaint with prejudice as to Defendants, Mayor John E. McCormac (improperly pled as John E. McCormack) and Sergeant Joseph Licciardi, only.

Respectfully submitted,

/s/ Fredrick L. Rubenstein

Dated: July 23, 2021

_____

Fredrick L. Rubenstein

16