# Daniel W. Sexton, Esq.  LLC

ATTORNEY AT LAW
229 NEW CENTRE ROAD
HILLSBOROUGH , NEW JERSEY 088444
PHONE:  (201) 406 – 9960
DanielSextonEsq@gmail.com

August 5, 2021

<u>*Via Electronic Filing*</u>
Hon. Julien Xavier Neals, U.S.D.J.
Federal Building & Courthouse 50 Walnut Street
Room 4015 Newark, NJ 07101

Re: Parks, Nijer v. McCormack, John E., et al
    Civil Action No.: 2:21-CV-04021 DOL# 21-00054

Dear Judge Neals:

### A. Introduction

Please accept this letter brief in lieu of a more formal opposition to the request for a Stay of Discovery made by the Middlesex Prosecutor Defendants by letter of July 27, 2021.

### B. Allegations Assert Impropriety in Prosecutor's Involvement in the Derelict Investigation.

Plaintiff, Nijeer Parks, a black American, seeks redress for his wrongful arrest, incarceration, and prosecution based on racist and faulty facial recognition technology. He alleges that the Middlesex County Prosecutor engaged in investagotry role in this matter. The law is clear:

> When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.

*Buckely v. Fitzsimmons*, 509 U.S. 259 (1993), siting *Hampton* v. *Chicago*, 484 F.2d 602, 608 (7th Cir., 1973).   When prosecutors are acting in collaboration with the municipal police during the investigatory stage, they are not state officials, but are local officials.   See also,. *Kulwicki v. Dawson*,

969 F.2w. 1454, 1463 (3d Cir. 1992), quoting *Imler v. Pachtman*, 424 U.S. 409 (1976). Therefore, the assertion of immunity is not relevant to this claim and the application for the Stay must be denied.

### C. Alternatively, Discovery May Be Tailored to the Prosecutor's Role in the Derelict Investigation.

The Federal Rules of Civil procedure provide for generous and wide-ranging discovery. However, in response to this application and if the court is concerned about the immunities of the Defendant Prosecutors, the court might limit the discovery to the role of the Middlesex Prosecutor in the investigation which resulted in the erroneous charges and wrongful arrest of plaintiff. In other words, the court might order that "discovery should be tailored specifically to the question of [Defendant's] qualified immunity." *Gaber v. Dales*, United States District Court, E.D. Pennsylvania. January 5, 2021 511 F.Supp.3d 594 citing *Anderson v. Creighton*, 483 U.S. 635, 646 n.6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The investigatory role of the Middlesex Prosecutor is not immune and discovery without qualification should be allowed on that role. *Ibid.*

### D. If, Arguendo, a Stay Were Issued, It Should Apply Only to the Middlesex Prosecutor

As the Second Circuit explained, where a Government defendant asserts a qualified immunity defense, a trial court, responsible for manage a case and "mindful of the need to vindicate the purpose of the qualified immunity defense" can structure discovery that diminish the risk of imposing unwarranted burdens upon public officials. See, *Iqbal v. Hasty*, 490 F. 3d 143, 158 (2007) (reversed on other grounds). In this case, the claims against the other defendants involve discovery that does not involve or burden the Middlesex Prosecutor and therefore, should go forward even if a Stay were issued for the Prosecutor.

A broader Stay would cause unnecessary delay in this matter, would be inefficient, and would deny Plaintiff a timely hearing on the merits. The proposed tailoring of the discovery is analogous

to the bifurcation of discovery which is regularly happens in litigation. Decisions to bifurcate discovery remain within the sound discretion of the court. *Conner v. Perdue Farms, Inc.*, No. CIV.A. 11-888 MAS LH, 2013 WL 5977361, at *3 (D.N.J. Nov. 7, 2013) (quoting Fed.R.Civ.P. 23 Advisory Committee's Notes). Bifurcation would be an appropriate exercise of the court's management of discovery if it decides to provide movant a partial or complete Stay.

### E. Conclusion

Based upon the above referenced authorities, movants' request for a Stay should be denied or, in the alternative, should be tailored or narrowed to allow discovery against other defendants to go forward and to allow discovery on the investigatory role of the Prosecutor to be done as well.

Respectfully submitted,

DWS/swd

Daniel W. Sexton

cc *Lori Dvorak via ECF only*
*Frederick L. Rubenstein via ECF only*
*Jordyn Jackson, DAG via ECR only*
*Client via email only*