# Daniel W. Sexton, Esq. LLC

ATTORNEY AT LAW
229 NEW CENTRE ROAD
HILLSBOROUGH, NEW JERSEY 088444
PHONE: (201) 406 – 9960
DanielSextonEsq@gmail.com

April 27, 2022

<u>Via ECF</u>
Honorable Leda Dunn Wettre. USMJ
Martin Luther King Building & U.S. Courthouse (MLK 3C)
50 Walnut Street
Newark, New jersey 07101

Re: *Parks, Nijeer v. McCormack, John, et al*
    Civil Action 2:21-cv-04021

Dear Judge Wettre:

Ms. Dvorak submitted a letter to Your Honor which purported to be a joint letter which was, instead, her letter with a few of my heavily edited comments only. Apparently, Ms. Dvorak felt "under the gun" by the deadline for the letter and also believes these letters are not supposed to contain points of disagreement. In contrast, my experience and understanding is that in order to have a more productive conference on May 4th, it is helpful to give the court an idea of the nature of the disagreements. Please accept this letter in that spirit.

While Defendant Woodbridge did provide significant written discovery which detailed the shocking failures of the Woodbridge Police Department and of the Middlesex County Prosecutor to conduct a proper investigation and which resulted in the illegal and unconstitutional arrest and prosecution of Plaintiff, the responses were in other respects completely deficient. For example, counsel for Woodbridge has improperly refused to provide any discovery relating to almost half of the demands, refusing to provide, for example, Internal Affairs Complaints, the disciplinary history of officers, the history of civil rights claims against the officers and the Departments and other similar *Monell* discovery. Attempts to amicably resolve this dispute have been unavailing. Therefore, guidance from the court and/or leave to file a Motion to Compel is requested.

Plaintiff further advises that on February 28, 2022, the plaintiff submitted a Supplemental Opposition letter to the Motion to Dismiss of Defendant Middlesex Prosecutor on the basis that the documents provided by the Woodbridge Police Department show a shocking miscarriage of the discovery obligations of the state which the Middlesex County Prosecutor (MCP) oversees. Additionally, Plaintiff served a *subpoena duces tecum* upon the MCP which has not been satisfied nor quashed. Plaintiff appeals now to Your Honor to allow at the very least

discovery of the relevant file of the Middlesex County Prosecutor. It seems obvious that the plaintiff should be able to obtain documents which it would have access to were the MCP office not a party to this action.

Plaintiff further advises that Defendant Idemia, Inc., has not been served and, given the discovery received from Defendant Woodbridge which indicates that the Woodbridge Defendants and the Middlesex County Prosecutor disregarded prominent warnings that the facial recognition technology was unreliable and was not to be a basis for probable cause, Plaintiff does not intend, at this point, to serve Idemia, Inc. *Contra* the assertions of Ms. Dvorak, I do believe that I had previously advised the court and counsel that I had not served Idemia.

DWS/swd

Respectfully submitted,

Daniel W. Sexton

cc *Lori Dvorak via ECF only*
  *Frederick L. Rubenstein via ECF only*
  *Phoeniz Meyers, DAG via ECR only*
  *Client via email only*

2