# Daniel W. Sexton, Esq.  LLC

ATTORNEY AT LAW
229 NEW CENTRE ROAD
HILLSBOROUGH , NEW JERSEY 088444
PHONE: (201) 406 – 9960
DanielSextonEsq@gmail.com

May 26, 2022

<u>*Via ECF*</u>
Honorable Leda Dunn Wettre. USMJ
Martin Luther King Building & U.S. Courthouse (MLK 3C)
50 Walnut Street
Newark, New jersey 07101

Re:  Parks, Nijeer v.  McCormack, John, et al
     Civil Action 2:21-cv-04021

Dear Judge Wettre:

    Herewith is Plaintiff's Motion to File a Second Amended Complaint timely filed as provided for by Your Honor's Amended Scheduling Order of May 4, 2022.   As argued in my brief, the proposed Amendments do not add any new parties or  theories but merely provide additional detail in support of the asserted *Monell* liability.

    Thank you for your continued courtesies in this regard.

Respectfully submitted,

Daniel W. Sexton

DWS/swd

cc *Lori Dvorak via ECF only*
   *Frederick L. Rubenstein via ECF only*
   *Jordyn Jackson, DAG via ECR only*
   *Client via email only*

Daniel W. Sexton, Esq, AIN 1021992
329 Pacific Avenue
Jersey City, NJ O7304
(201) 406 – 9960   DanielSextonEsq@gmail.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NIJEER PARKS
    Plaintiff

Vs

JOHN E. McCORMACK, MAYOR OF
WOODBRIDGE, et alii
Defendants

CIVIL ACTION
No: 2:21-cv-04021 JXN- LDW

**ORDER**

    **THIS MATTER** having come before the Court upon the Motion of Plaintiff and with notice have ing been given and an opportunity to be heard by all parties, on the _____ day of _____, 2022, s hereby

    **ORDERED** that Plaintiff be given leave to file the Second Amended Complaint; and it is further

                                            _____
                                            Hon. Julien X. Neals, J DNJ

Daniel W. Sexton, Esq, AIN 1021992
329 Pacific Avenue
Jersey City, NJ O7304
(201) 406 – 9960   DanielSextonEsq@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------

| | |
|---|---|
| NIJEER PARKS<br>Plaintiff<br><br>Vs<br><br>JOHN E. McCORMACK, MAYOR OF WOODBRIDGE, et alii<br>Defendants | CIVIL ACTION<br>No: 2:21-cv-04021 JXN- LDW<br><br><br>NOTICE OF MOTION TO FILE<br>A SECOND AMENDED COMPLAINT |

To:   Frederick Rubenstein
      James P. Nolan & Associates
      61 Green Street,
      Woodbridge, NJ 07095

      Phoenix Meyers, DAG, Richard J. Hughes Justice Complex
      25 Market Street
      Trenton, NJ 08611

      Lori Dvorak, Es.
      467 Middlesex Avenue
      Metuchen, NJ 08840

   **PLEASE TAKE NOTICE** that on October 18, 2021, at 9:00 am in the forenoon or as soon thereafter as counsel may be heard, Plaintiffs Frank and Elena Fuzy by and through their attorney, Daniel W. Sexton, shall move before the Honorable Claire C. Cecchi, United States District Judge, United Stated District Court, District of New Jersey, Newark Vicinage, Martin Luther King Building and US Courthouse, 50 WLNUT Street, Newark, NJ 07102 for an ORDER granting leave to file a First Amended Complaint as provided by F.R.C.P. 16 and 15.

   **PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Plaintiffs shall rely upon the Brief and Exhibits attached thereto;

   **PLEASE TAKE FURTHER NOTICE** that Plaintiff request Oral Argument if this Motion is opposed.

   **PLEASE TAKE FURTHER NOTICE** that a proposed form of ORDER is also attached hereto.

_____
Daniel W. Sexton, Esq.
Attorney for Plaintiffs

Dated: May 26, 2022

Daniel W. Sexton, Esq, AIN 1021992
329 Pacific Avenue
Jersey City, NJ O7304
(201) 406 – 9960   DanielSextonEsq@gmail.com

---

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

NIJEER PARKS
    Plaintiff

Vs

JOHN E. McCORMACK, MAYOR OF WOODBRIDGE, In his personal and official capacity, ROBERT HUBNER, DIRECTOR OF THE WOODBRIDGE POLICE, n his personal and official capacity, CITY OF WOODBRIDGE POLICE OFFICER, ANDREW LYSZK and WOODBRIDGE POLICE SGT. JOSEPH LICCIARDI i WOODBRIDGE POLICE OFFICERS JOHN AND JANE DOE, 1 – 20 being as yet unknown actors, MIDDLESEX DEPARTMENT OF CORRECTIONS, JOHN and JANE DOEs 1-20, being unknown actors, MIDDLESEX COUNTY PROSECUTOR, ACTING PROSECUTOR, CHRISTOPHER KUBERIET, in his personal and official capacity, and ASSISTANT MIDDLESEX COUNTY PROSECUTOR PETER NASTASI, and **IDEMIA, Inc.'s**, being the maker of the facial recognition software and "ABC CORPORATION, being an as yet unknown seller or servicer of the facial recognition programs.
    Defendants

CIVIL ACTION
No: 2:21-cv-04021 JXN- LDW

---

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION
TO FILE A SECOND AMENDED COMPLAINT**

Of counsel and on the Brief
    Daniel W. Sexton

## PRELIMINARY STATEMENT

Plaintiff seeks leave to file a Second Amended Complaint that expands and further supports entity liability under *Monell v Department of Social Services of the City of New York.* 436 U.S. 658 (1978). (Copy of Proposed Amended Complaint attached hereto as Exhibit A). While *Monell* liability is adequately pled already, the proposed additions made possible because of information received in Defendants' responses to initial interrogatoirs and notice to produce, provide extensive additional facts which serve as specific bases for entity liability. In this way, granting leave to file the Proposed Amended Complaint furthers judicial economy by improving notice of what is alleged and by precluding or at least discouraging any motion to dismiss the *Monell* theory of liability. Additionally, the proposed amendments should encourage amicable resolution of discovery disputes involving questions seeking additional information for entity liability.

## RELEVANT PROCEDURAL HISTORY

This matter was removed from State Court to the District Court off New Jersey on or about March 3, 2021. The Middlesex County Prosecutor Defendants filed a Motion to Dismissed on or about April 23, 2021 based on immunities and also obtained a stay of discovery. This motion continues to pend. A First Amended Complaint was filed by consent on June 1, 2021. A transfer of this matter from the original judge to the Honorable Julian Niels delayed matters thereafter. A Pretrial Scheduling Order was issued by Magistrate Wettre August 11, 2021 (Copy of Order attached hereto as Exhibit B). This Order was amended by subsequent orders, most recently by the Order of May 4, 2022 (attached hereto as Exhibit C).

Initial Disclosures as well as the initial round of discovery has been exchanged by the other parties . However, defendants have balked at *Monell* related discovery and the parties are endeavoring to resolve these disputes amicable.

However, the refusal to provide *Monell* discovery together with the shocking facts revealed in the initially discovery suggest that amending the complaint to more fully articulate the bases of *Monell* liability is appropriate.

## PROPOSED FIRST AMENDED COMPLAINT

The Proposed First Amended Complaint, attached hereto as Exhibit A expands on the basis for *Monell* liability. The proposed additions are in red with excisions noted by cross outs. As against the municipal defendants, the gist of the proposed amendments includes the following:

- The defendants knew or should have known that the bad actor was Barrington Walker, not plaintiff but the defendants intentionally or with reckless disregard to a degree that shocks the conscience suppressed and withheld this fact and the data which proved this. (Finger prints and DNA and clothing which defendants had were not sent to be tested). The evidence is egregious and shocking and is a premise of municipal liability as articulated by *Monell*.

- This exculpatory information was withheld from plaintiff and his attorney during the criminal investigation and prosecution.

- The facial recognition hit was made on a fabricated license which picture was altered and which then was wrongly correlated with plaintiff. The officers involved had no training or supervision in the use of facial recognition technology. The officers used this facial recognition technology as the sole and only basis of probable cause even though the NJ state form clearly stated that it is not a basis for probable cause but a mere

- The Department did provided no training, or supervision prior to the misconduct at the basis of this lawsuit, a shocking reality that makes the municipality liability.

- The Department did no discipline, counseling or re-trainging after the misconduct at the basis of this lawysuiit.

As against the Middlesex County Prosecutor's Office (MCPO), the proposed Third Amended Complaint provides additional details the shockingly deficient and unconstitutional nature of the investigation which the MCPO oversaw. Indeed, since the MCPO oversaw the investigation, all of the investigatory defects also implicate the MCPO.

3

## ARGUMENT

### POINT I
### PLAINTIFFS SHOW REQUISITE GOOD CAUSE

All of the dates of the original scheduling order have been enlarged except for the provision requiring amendment of pleadings on or before October 15, 2021. See Exhibit B. This date, therefore, remains operable for purposes of amending the Complaint and, therefore, this application to amend the pleadings must first satisfy the good cause standard of Fed. R. Civ. P. 16(b)(4)." *Wise v. Hickman*, 2020 WL 6375788 at *4 (D.N.J. Oct. 30, 2020). "If good cause is found, only then do courts then evaluate the proposed amendment under Rule 15(a)." *Smart Pharmacy, Inc. v. Medco Health Sols., Inc.*, 2014 WL 3735344 at *1 (D.N.J. July 29, 2014).

Ordinarily, the good cause standard focuses on why the motion for leave to amend was not filed prior to the scheduled deadline. In this case, the application to add additional factual averment in support of *Monell* liability were only made known to plaintiff by discovery received well after this date. Indeed, the defendant municipality produced all of its responses after the original discovery end date of January 31, 2022. The delay in the discovery which is the basis for this application constitutes good cause under Rule 15 (a).

Rule 16 is a tool to ensure judicial economy and efficiency and the proposed amendments further both of these considerations. The proposed Second Amended Complaint provides extensive new factual bases for finding municipal liability. To a certain extent, the proposed Amended Complaint, by using the initial discovery, attempts a more well pleaded Complaint. This resolves the acknowledge quandary that a plaintiff usually does not have any of the facts for *Monell* liability, but has to infer the facts. This is the reason that *Monell* liability "is generally not amenable to resolution at the pleading stage, as it requires a plaintiff to plead facts outside his or her personal

4

knowledge. " *3909 Realty LLC v. City of Philadelphia*, E.D. Pennsylvania. June 8, 2021 Slip Copy 2021 WL 2342929 *(Approx. 11 pages)*. See, also,

Judicial economy favors granting this application as it forestalls a motion to dismiss the *Monell* liability theories. In a sense, this motion shortcuts the normal procedure whereby a plaintiff is required to be given leave to amend the Complaint in the even of a dismissal for failure to state a claim. Concerning the right to a curative filing, see . See, for example, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir.2000))

Moreover, the municipality has refused to provide any *Monell* related discovery. Therefore, granting the motion to file the Second Amended Complaint should assist in this discovery being obtained whether by the cooperation of the municipality or by judicial intervention.

## POINT TWO
## MOTIONS TO AMEND COMPLAINTS ARE LIBERALLY GRANTED

Having found good cause, the court must also find that Plaintiff have satisfied the standards of FRCP 15. The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. *Dole v. Arco Chemical Co.,* 921 F.2d 484, 487 (3d Cir. 1990); *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989). Therefore, having shown good cause having been shown, the court then proceeds to the considerations set out in Rule 15. *Id.* In *Foman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court put its stamp on a liberal amendment policy, while identifying a number of factors relevant to a motion to amend under Rule 15(a).

> In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment.

*See Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman,* 371 U.S. at 182, 83 S.Ct. 227). The discussion above about good cause satisfies the first three of these five part test.

Similarly, the discussion of the fact that this matter, like many during the Pandemic, has moved slowly means that there will be no prejudice to the defendants. Fact discovery is continuing through July 29, 2022..

Normally, the final factor to be considered is the viability of the new claim or claims proposed, that is it cannot be futile. However, in this application, no new claim or new party is

6

added. The existing claims are only amplified and detailed. Since no new claims are asserted in the proposed Amended Compliant, this factor is satisfied.

## CONCLUSION

Based on the pleadings and the documents submitted and upon the above referenced authorities, it is clear that Plaintiff, satisfying the requirements of FRCP 15 and 16, has shown good cause to allow the filing of the Second Amended Complaint and that this will further the interests of judicial economy and efficiency. .

Respectfully submitted,

May 26, 2022

Daniel W. Sexton, Esq.
Counsel for Plaintiff, Nijeer Parks