# Daniel W. Sexton, Esq.  LLC

ATTORNEY AT LAW
229 NEW CENTRE ROAD
HILLSBOROUGH , NEW JERSEY 088444
PHONE:  (201) 406 – 9960
DanielSextonEsq@gmail.com

June 1, 2022

<u>*Via ECF*</u>
Honorable Leda Dunn Wettre. USMJ
Martin Luther King Building & U.S. Courthouse (MLK 3C)
50 Walnut Street
Newark, New jersey 07101

Re:  *Parks, Nijeer v. McCormack, John, et al*
     Civil Action 2:21-cv-04021

Dear Judge Wettre:

### A. Introduction

Please accept this letter as Plaintiff's submission to the Amended Scheduling Order of May 4, 2022, which required that should the dispute over *Monell* discovery between Plaintiff and the Woodbridge defendants persist, Plaintiff's counsel shall file a letter on or before June 1, 2022.

### B. Possible Resolution Through a Confidentiality Order

Previously, Frederick Rubenstein, counsel for Woodbridge,  had indicated that he would not produce the disputed materials absent a court order. It is my recollection that he was open to the use of a Confidentially Agreement approved by the court as a vehicle for the production of these documents. I emailed Mr. Rubenstein at midday to propose this resolution (admittedly late to be trying to obviate the need of this letter for which I apologize). .  I called and left a message at his office toward the end of day and emailed him again this evening. I will continue to reach out to Mr. Rubenstein over the next several days to see if an agreement along these lines can be reached.

### C. Plaintiff Is Entitled to the *Monell* Discovery

By now, almost all public entities have perfectly fine written policies so that the predicate of *Monell* liability is the actual unwritten custom or practice which co-exists with the written policy. In *City of Canton v. Harris*, 489 U.S. 378 (1989), the United States Supreme Court upheld *Monell* liability where plaintiffs allege a failure to train, supervise, discipline, adequately screen, etc. The nature of the evidence sought together with broad scope of as set for in FRCP 26 (b)(1) (Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, ....")

At issue is one interrogatory addressed to PO Lyszk which sought his disciplinary history (See Exhibit A attached hereto) and seven interrogatories addressed to Police Director Hubner (See Exhibit B attached hereto). *Seriatim*, these are:

- Interrogatory 3 which asks for a list of bias and or demeanor complaints for five years which were not produced because they are allegedly confidential;
- Interrogatory 6 which asks for excessive force or false arrest complaints for five years which were refused again because they are allegedly confidential.;
- Interrogatory 7 which asks for claims of false arrest for five years, also refused based on alleged confidentiality.
- Interrogatory 21, which asks for all claims of anti black bias for five years, also refused based on alleged confidentiality.
- Interrogatory 23, which asks for a log of all *Monell* liability claims for ten years also refused based on confidentiality.
- Interrogatory 24. which asks for disciplinary history of the involved officers which was refused based on confidentiality.

It is self evident that Plaintiff is entitled to the disputed discovery. All the demands are clearly related to *Monell* liability and are properly, even narrowly drawn asking, for example, for five years in all instances but one.

### D. Conclusion

Plaintiff is clearly entitled to the disputed discovery, and it is likely that counsel will be able to provide a Confidentiality Order to satisfy defendant's concerns.

Respectfully submitted,

*[signature]*
Daniel W. Sexton

DWS/swd

cc  Lori Dvorak via ECF only
    Frederick L. Rubenstein via ECF only
    Phoeniz Meyers, DAG via ECR only
    Client via email only

# EXHIBIT A

4. <u>Provide an exhaustive history of any and all discipline that you have faced as a law enforcement officer at this Department or any other Department including verbal warnings</u>.

ANSWER :

    Defendant objects to this request as these documents are part of Defendant Officer's personnel file and will not be produced without a Court Order. If/ When said Court order is obtained, Defendant will produce all relevant documents in response to this request following the redaction of any personal identifiers and other confidential information. Defendant reserves the right to amend this answer throughout the

# EXHIBIT B

## DEFENDANT ROBERT HUBNER'S CERTIFIED ANSWERS TO PLAINTIFF NIJEER PARKS'S FIRST SET OF INTERROGATORIES

3. . Provide an exhaustive list of any and all bias and/or demeanor complaints including both complaints made only internally and those resulting in litigation, against any member of the Woodbridge Police Department (WPD) from January 26, 2016 , until January 26, 2021, appending copies of same and including in your response the following information: (a) the name of the complainant; (b) the nature of the allegation; (c) the disposition of the matter .

ANSWER :
   Defendant objects to the request for internal complaints as these documents are part of Defendant Officers' personnel files and will not be produced without a Court Order. If/ When said Court order is obtained, Defendants will produce all relevant documents in response to this request following the redaction of any personal identifiers and other confidential information . Complaints resulting in litigation are to be provided. Defendant reserves the right to amend this answer throughout the continuing course of discovery.

6. Provide an exhaustive list of any and all excessive force or false arrest complaints, including both complaints made only internally and those resulting in litigation, against any member of the WPD from January 26, 2016, until January 26, 2021, appending copies of same and

including in your response the following information: (a) the name of the complainant;(b) the nature of the allegation ; (c) the disposition of the matter .

ANSWER :

Defendant objects to the request for internal complaints as these documents are part of Defendant Officers' personnel files and will not be produced without a Court Order. If/ When said Court order is obtained, Defendants will produce all relevant documents in response to this request following the redaction of any personal identifiers and other confidential information . Complaints resulting in litigation are to be provided. Defendant reserves the right to amend this answer throughout the continuing course of discovery.

7. Provide an exhaustive list of any and all alleged false arrests, including both complaints made only internally and those resulting in litigation, against any men-ber of the WPD from January 26, 2016, until January 26, 2021, appending copies of same and including in your response the following information: (a) the name of the complainant; (b) the nature of the allegation; (c) the disposition of the matter .

ANSWER:

See response to Interrogatory #6. Defendant reserves the right to amend this answer throughout the continuing course of discovery .

21. Provide an account of all claims made against the WPD, or any of its mernbers, alleging anti black bias from January 26, 2009 until January 1 , 2020 , whether the claim is by a governmental entity, member of the public, or by an employee , and include the following information in your response: (a) the name and position of complainant; (b) the name of the officer or employee who is the sub3ect of the complaint; (c) the nature of the complaint; (d) the disposition of the complaint .

ANSWER :

Defendant objects to this request as overbroad and unduly burdensome. Defendant further objects to the request for internal complaints as these documents are part of Defendant Officers' personnel files and will not be produced without a Court Order. If/ When said Court order is obtained, Defendants will produce all relevant documents in response to this request following the redaction of any personal identifiers and other confidential information. Complaints

resulting in litigation are to be provided. Defendant reserves the right to amend this answer throughout the continuing course of discovery.

22. Provide an account of all claims made against the WPD, or any of its members, alleging anti black bias from January 26, 2009 until January 1, 2020, whether the claim is by a governmental entity, mernber of the public, or by an employee, and include the following information in your response: (a) the name and position of complainant; (b) the name of the officer or employee who is the subject of the complaint; (c) the nature of the complaint; (d) the disposition of the complaint.

ANSWER:

See Answer to Interrogatory #21. Defendant reserves the right to amend this answer throughout the continuing course of discovery.

23. Provide an account of all claims made against the WPD, or any of its members, asserting Mone11 liability from January 26, 2009 until January 1, 2020, whether the claim is by a member of the public or by an employee, and include the following information in your response: (a) the name and position of complainant; (b) the name of the officer or employee who is the subject of the complaint; (c) the nature of the complaint, including the theory upon which Mone11 liability is based, e.g., unconstitutional policy, failure to train, negligent hiring, failure to discipline, etc.; (d) the disposition of the complaint.

ANSWER :

Defendant obj ects to this request as overbroad and unduly burdensome. Defendant further objects to the request for internal complaints as these documents are part of Defendant Officers' personnel files and will not be produced without a Court Order. If/ When said Court order is obtained, Defendants will produce all relevant documents in response to this request following the redaction of any personal identifiers and other confidential information. Complaints resulting in litigation are to be provided. Defendant reserves the right to amend this answer

throughout the continuing course of discovery. Defendant reserves the right to amend this answer throughout the continuing course of discovery.

24. Provide a summary of the disciplinary history of Det. S. Tapia, Lt. J. Licciardi, Officer Lyszyk, Dee. Sgt. Penicaro, Officer Mirdala, and Officer Anderson, as well as divul in any and all complaints made against each by citizens or peers, also providing a copy of all relevant documents including the personnel files, IA files, and Academy file for each.

ANSWER:

Defendant objects to this request as these documents are part of Defendant Officers' personnel files and will not be produced without a Court Order. If/ When said Court order is obtained, Defendants will produce all relevant documents in response to this request following the redaction of any personal identifiers and other confidential information. Defendant reserves the right to amend this answer throughout the continuing course of discovery.