**FREDRICK L. RUBENSTEIN, ESQ.**
**ATTORNEY ID. NO. 004651994**
**JAMES P. NOLAN AND ASSOCIATES, L.L.C.**
**61 GREEN STREET, WOODBRIDGE, NEW JERSEY 07095**
**TELEPHONE: (732) 636-3344 FAX: (732) 636-1175**
**Attorneys for Woodbridge Defendants**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NIJEER PARKS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 2:21-cv-04021-JXN-LDW |
| -v- | : | |
| | : | |
| JOHN E. MCCORMACK, MAYOR OF WOODBRIDGE, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WOODBRIDGE DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT**

Garry J. Clemente, Esq.
On the Brief

**PRELIMINARY STATEMENT**

This office represents the interests of John E. McCormac, Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police Department, Woodbridge Police Officer Andrew Lyszyk and Woodbridge Police Sergeant Joseph Licciardi (collectively herein, "Woodbridge Defendants") with respect to the above-referenced matter. The Woodbridge Defendants submit this brief in opposition to Plaintiff, Nijeer Parks' Motion for Leave to File a Second Amended Complaint.

In Plaintiff's Proposed Second Amended Complaint, Plaintiff seeks to add Detective Santiago Tapia of the Woodbridge Police Department as a Defendant in this matter. In support of the instant Motion, Plaintiff avers that the Woodbridge Defendants' delay in providing discovery is the basis for seeking leave to amend his Complaint for the second time. It should be noted that the facts that Plaintiff relies on to support this contention have been known to Plaintiff for over a year. Furthermore, Plaintiff has had multiple opportunities to cure the deficiencies in his original Complaint and First Amended Complaint, but has inexplicably failed to do so.

**RELEVANT FACTS**

Plaintiff filed his original Complaint in the Passaic County Superior Court on or about November 25, 2020. Therein, Plaintiff asserted violations of his Civil Rights and a claim for Monell

liability. Thereafter, this matter was removed to the New Jersey District Court on or about March 3, 2021. The Court, recognizing the numerous deficiencies contained in the original Complaint, afforded Plaintiff the opportunity to amend his Complaint and correct same. Plaintiff filed his First Amended Complaint on or about June 1, 2021. On August 11, 2021, this Honorable Court entered a Pretrial Scheduling Order which specified that requests for leave to amend pleadings must be filed no later than October 15, 2021.

Per this Court's Amended Scheduling Order dated May 4, 2022, Plaintiff sought Defendants' consent to filed a Second Amended Complaint via email on May 17, 2022. Defendants declined to consent on grounds that Plaintiff's request came after undue delay on Plaintiff's part, which delay would cause undue prejudice to Defendants, and the fact that Plaintiff has repeatedly failed to cure deficiencies in his Complaint through prior amendments. Plaintiff then filed the instant Motion for Leave to File a Second Amended Complaint on May 26, 2022.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) allows a party may amend its pleading only with the opposition party's written consent or the court's leave. Where a party seeks to amend its pleading after the deadline for set by the Court, the party first must satisfy the good cause standard of Rule 16(b)(4) before the Court

analyzes the merits under Rule 15. Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005).

Finding good cause depends on the diligence of the moving party seeking leave to amend. Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC, 2018 WL 3000175 at *2 (D.N.J. June 11, 2019). Whether good cause exists is a fact-specific enquiry that changes with the circumstances of each case. Id. (quoting High 5 Games, LLC v. Marks, 2019 WL 3761114 at *1 (D.N.J. Jan. 24, 2017)). "[I]n certain circumstances, courts have determined that the good cause standard is satisfied even if the delay in seeking leave to amend stemmed from 'a mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the scheduling order.'" Id. (quoting In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig., 2012 WL 406905 at *4 (D.N.J. Feb. 7, 2012)). However, where a party has the knowledge or facts but fails to move and provides no satisfactory explanation, the court has discretion to deny the late amendment. Prince v. Aiellos, 2012 WL 1883812 at *2 (D.N.J. May 22, 2012).

Grounds which defeat a plaintiff's assertion of good cause and preclude granting of a late motion to amend a complaint are outlined in Foman v. Davis, 371 U.S. 178 (1962). If the non-moving party can demonstrate either undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and/or futility of amendment, the court may exercise its discretion to deny leave to amend the complaint. Foman, 371 U.S. at 182. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). Thus "delay," for example, entails more than the mere passage of time; to warrant denial of leave to amend, it must be "undue" or prejudicial. Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). The Court should deny leave only when the Foman factors "suggest that amendment would be 'unjust' ...." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006).

**ARGUMENT**

The Woodbridge Defendants submit that at least three of the grounds listed above for denying leave to amend a Complaint are present in this matter as follows:

1. **UNDUE DELAY**

Plaintiff's motion presents the textbook scenario of a party that has the knowledge or facts underlying a proposed Amended Complaint but fails to move and provides no satisfactory explanation. Prince, 2012 WL 1883812. Plaintiff asserts that Plaintiffs who allege Monell claims have little facts to work with

at the outset of a case, however that argument is unavailing under the present circumstances.

Plaintiff has unduly delayed filing his motion for leave to file his Proposed Second Amended Complaint. Plaintiff contends that the discovery revealing Det. Tapia's involvement was not provided until after the October 15, 2021 deadline to amend the Complaint and after the original discovery end date of January 31, 2022. In his First Amended Complaint, filed a year ago on June 1, 2021, and well before the original discovery end date, Plaintiff references Det. Tapia by name. Specifically, in paragraph 12 of the First Amended Complaint, it is alleged:

> **"Upon information and belief, Detective Santiago Tapia of the Woodbridge Police Department, sent the photo from the fake license to the Regional Operations Intelligence Center and the New York State Intelligence Center (NYSIC) for facial recognition analysis."**

Thereafter, in paragraphs 28 and 29, Plaintiff alleges:

> "The match made to plaintiff by the facial recognition software...was never checked against Plaintiff's fingerprints and DNA... Despite this fact, Defendant Woodbridge Police Officer Andrew Lyszyk, with Detective Sgt. Joseph Licciardi having approved same, swore out a criminal complaint and warrant, Warrant #2019000156, for the arrest of Plaintiff."

As is apparent in Plaintiff's pleadings, Det. Tapia was identified as being involved in the investigation of this matter as the officer who forwarded the driver's license photo for facial recognition analysis. Further, a cursory glance at Complaint-Warrant #2019000156 would have revealed that same was signed by

none other than Det. Tapia. The names of officers Lyszyk and Licciardi are nowhere to be found on the Complaint-Warrant. Furthermore, Plaintiff names Det. Tapia **eight (8) times** in his Answers to Interrogatories. Det. Tapia is mentioned as the officer who forwarded the photo for facial recognition, as an individual present during Plaintiff's arrest, and as a individual who generated the criminal complaint and summons for Plaintiff's arrest.

The Woodbridge Defendants repeatedly informed Plaintiff that his Complaints failed to name the proper parties but Plaintiff has repeatedly failed to cure those deficiencies. Plaintiff's lack of due diligence has caused undue delay in this matter and permitting Plaintiff leave to amend his Complaint again will only serve to compound that delay.

2. **UNDUE PREJUDICE**

Plaintiff's failure to name the proper parties and this late salvo by motion to cure those deficiencies will result in undue prejudice to the Woodbridge Defendants and Det. Tapia. The applicable Statute of Limitations with respect to a Monell liability claim is two years and the Statute begins to run from the date of the incident at issue. This matter arises from an incident occurring on January 26, 2019 and Plaintiff's subsequent arrest on February 5, 2019. As such, the Statute of Limitations on Plaintiff's Monell claim has long since expired. Similarly, the

Statute of Limitations for a malicious prosecution claim is also two years, running from the date criminal charges were dismissed against Plaintiff. The charges against Plaintiff were dropped in November 2019. Thus, the Statute of Limitations pertaining to Plaintiff's malicious prosecution claim has expired.

Indeed, Statutes of Limitation are integral to protect defendants' rights and ensure that a plaintiff exercises due diligence in asserting claims in a timely fashion. Additional undue prejudice will inure to the detriment of the Woodbridge Defendants and proposed Defendant Tapia, as expensive and time-consuming discovery will necessarily follow Plaintiff's Second Amended Complaint.

### 3. **REPEATED FAILURE TO CURE DEFICIENCIES**

Plaintiff has repeatedly failed to cure the numerous deficiencies in both his original Complaint and First Amended Complaint. One major deficiency still exists in Plaintiff's Proposed Second Amendment: it does not name the municipal entity, Township of Woodbridge, as a Defendant. Plaintiff's original Complaint, filed on November 25, 2020, asserts a Monell claim but inexplicably fails to name the Township of Woodbridge. Similarly, Plaintiff's First Amended Complaint fails to name the Township of Woodbridge. Nor does Plaintiff's Proposed Second Amended Complaint herein name the Township of Woodbridge as a Defendant.

In Wise v. Hickman, the plaintiff was involved in an altercation with the police and thereafter alleged claims for violations of his civil rights and a Monell claim. The plaintiff sought to leave to file a First Amended Complaint on the basis that discovery has unveiled significant additional information related to the involvement of additional police officers involved in the altercation. The plaintiff argued that the newly identified officers were present during the altercation, but due to inconsistencies in testimony and lacking documentation, the extent of their involvement was unclear prior to the present motion. The plaintiff noted that previously provided discovery did not reveal the involvement of the additional officers.

The court granted plaintiff leave to amend his Complaint, stating that although the plaintiff knew about the purported additional parties for almost two years prior to moving for leave to amend, plaintiff's true understanding of their respective roles in this case did not become clear until reviewing recently provided deposition transcripts. The court was lenient toward plaintiff as his motion was filed just ten days after receiving the discovery and six days after the expiration of the Scheduling Order deadline.

There are several distinguishing facts here that are not present in Wise. First, whereas the Wise plaintiff in sought to file a First Amended Complaint, Plaintiff here seeks a third try to properly define his allegations in a Second Amended Complaint.

Second, Plaintiff's motion is made over seven months after the deadline to seek leave to amend, and a full year after Plaintiff's First Amended Complaint was filed. Plaintiff cannot claim that he did not have any knowledge of the involvement of Det. Tapia in the investigation at issue. As noted above, Plaintiff's First Amended Complaint specifically identifies Det. Tapia as the officer who forwarded the driver's license photo for facial recognition analysis. In his various Complaints, Plaintiff contends that the use of this facial recognition software was improper and serves as the crux of his claims against the Woodbridge Defendants. Plaintiff cannot now claim that he was unaware of Det. Tapia's involvement in the investigation in this matter or that he just learned of same through discovery. Third, although the discovery period here remains open, it has been extended multiple times by the Court. Granting Plaintiff leave to amend for the second time will delay this matter further and necessitate costly discovery.

## CONCLUSION

Plaintiff is correct that Rule 16 is a tool to ensure judicial economy and efficiency, just not in the way that Plaintiff contends. Rule 16's good cause standard acts as a gatekeeper to prevent the filing of late, prejudicial, and futile Amended Complaints like that proposed by Plaintiff. Plaintiff's delay and lack of due diligence should not be rewarded by granting leave to amend his Complaint for the second time. Based upon the foregoing

reasons and authorities cited, the Township of Woodbridge Defendants respectfully submit that Plaintiff's Motion for Leave to File a Second Amended Complaint must be denied with prejudice.

Respectfully submitted,

Dated: June 7, 2022         /s/ *Fredrick L. Rubenstein, Esq.*

Attorney for Woodbridge Defendants