UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIJEER PARKS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN E. MCCORMAC, *et al.*,<br><br>　　　　　Defendants. | Civil Action No.<br><br>21-4021 (JXN) (LDW)<br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of an August 19, 2022 joint letter ("Joint Letter") from the parties setting forth the status of discovery and requesting the Court's intervention with respect to several ongoing discovery disputes (ECF No. 56); and

**WHEREAS** plaintiff and the Woodbridge defendants having met and conferred regarding the production of documents responsive to plaintiff's *Monell* requests; and

**WHEREAS** the Woodbridge defendants having agreed in the Joint Letter to produce certain responsive information relating to the five years prior to the January 26, 2019 incident, but having objected to producing post-incident information; and

**WHEREAS** the Joint Letter having described in general terms that a disagreement arose as to defense objections made during the depositions of Woodbridge police officers regarding certain disciplinary actions taken against members of the Police Department; and

**WHEREAS** the parties having further reported that a dispute has arisen regarding the adequacy of the response of the Middlesex County Prosecutor's Office ("MCPO") to a *subpoena duces tecum*; and

**WHEREAS** the Court having considered the respective positions of the parties as detailed in the Joint Letter, and for good cause shown,

**IT IS** on this day, August 29, 2022 **ORDERED** that:

1. The Court having assessed relevance and proportionality under Fed. R. Civ. P. 26 of the following, the Woodbridge defendants shall produce information responsive to plaintiff's *Monell* requests as follows:

    a. Interrogatory #3: Woodbridge shall produce a list of demeanor complaints alleging racial bias or discrimination that arose within the five-year period preceding the January 26, 2019 incident.

    b. Interrogatory #4: Woodbridge shall produce complaints alleging false arrest that arose within the five-year period preceding the January 26, 2019 incident.

    c. Interrogatory #21: Woodbridge shall produce information responsive to plaintiff's request for claims of anti-black bias that arose within the five-year period preceding the January 26, 2019 incident.

    d. Interrogatory #23: Woodbridge shall produce information regarding *Monell* claims alleging false arrest that arose within the five-year period preceding the January 26, 2019 incident.

    e. Interrogatory #24: Woodbridge shall produce information relating to the disciplinary history of Officer Lyszk.

2. Any challenge by plaintiff to the MCPO *subpoena duces tecum* shall be made by motion, which shall be filed no later than **September 6, 2022**.

3. Any extant disputes as to objections made during the depositions of Woodbridge police officers, as generally described in the Joint Letter, shall be submitted by plaintiff via letter attaching relevant portions of the deposition transcript(s) filed no later than **September 6, 2022**, with a responsive letter to be filed no later than **September 15, 2022**.

4. The parties shall meet and confer as to any remaining discovery disputes set forth in the Joint Letter and submit an updated joint letter presenting the remaining issues to the Court no later than **September 21, 2022.** Any disputes not submitted in accordance with this Order shall be deemed waived.

      *s/ Leda Dunn Wettre*
      Hon. Leda Dunn Wettre
      United States Magistrate Judge