# Daniel W. Sexton, Esq.  LLC

ATTORNEY AT LAW
229 NEW CENTRE ROAD
HILLSBOROUGH , NEW JERSEY 088444
PHONE:  (201) 406 – 9960
DanielSextonEsq@gmail.com

August 31, 2022

*Via Electronic Filing*
Hon. Leda Dunn Wettre, United States Magistrate Judge
Courtroom - MLK 3C, Federal Courthouse
50 Walnut Street
Newark, NJ 07101

Re: Parks, Nijeer v. McCormack, John E., et al
    Civil Action No.: 2:21-CV-04021 DOL# 21-00054

Dear Judge Wettre:

### A. Introduction

Please accept this letter submitted pursuant to the text Order of the Court [ECF 55]  (Copy of which is attached hereto as Exhibit A).  As shown below, the case law clearly shows that the suits against individuals in the official capacity is tantamount to name the entity itself and, therefore, the assertion of *Monell* liability a proper concern of this litigation.

### B. Plaintiff Has Properly and Adequately Named Woodbridge Township and the Office of the Middlesex County Prosecutor as Defendants

In the landmark case which established liability of state subdivisions (counties and municipalities) under Section 1983 for violations of rights guaranteed by the Constitution of the United States, it was  clearly held that  claims against individual defendants in their official capacity are another way of pleading an action against an entity of which an individual is an agent. *Monell* v. *New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). In pertinent part:

> Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent—at least where Eleventh Amendment considerations do not control analysis—our holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are "persons" under § 1983 in those cases in which, as here, a local government would be suable in its own name.

*Ibid.* Since 1978, courts have regularly and routinely interpreted this to mean that in a civil rights action, "[a] claim against a person in his official capacity is equivalent to a claim against the municipality that employs him. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Recent cases confirm that this law has not been changed. See, for example, the slip opinion of a case from last year where the district court explained what an official capacity suit means. "In other words, an official capacity suit is simply another way of pleading an action against the entity of which the official is an agent." *Murphy v. Doe Police Detective #1*, United States District Court, (E.D. Penn, 2012) 2021, Slip Copy2021 WL 4399646.

Therefore, it is submitted that both Woodbridge Township and the Middlesex County Prosecutor's Office (MCPO) as entities were properly named in the pleadings though naming the relevant officials in their official capacities. Because the original pleading and the proposed Amended Compliant named John E. McCormack, Mayor of Woodbridge in his personal and official capacity, as well as Robert Hubner, the Director of the Woodbridge, also in his personal and official capacity, Woodbridge Township is a named defendant. Similarly, because the Middlesex County Prosecutor, Christopher Kuberiet, was named in his official capacity as well as his personal capacity, the Middlesex County Prosecutor's Office, as an entity, is a named defendant. There is no authority to assert that this pleading is not adequate.[1] Indeed, all the case law from *Monell* forward support this understanding. There is, indeed, a significant number of cases which dismiss the official capacity suits for failure to satisfy the predicates of *Monell*. See, for example, *Walthour v. Child and Youth Services*, 728 F. Supp.2d 628 (ED PA, 2010); See, also, *Cunningham v. North Versailles Twp.*, No. 09–1314, (W.D.Pa. , 2010) 2010 WL 391380.

### C. Alternatively, Plaintiff Can Name the Entities Explicitly

If the court prefers, Plaintiff would be happy to add to the proposed Third Amended Complaint the explicit assertion of claims against Woodbridge Township and the Middlesex County Prosecutor's Office. For the court's convenience, a proposed form of this Complaint is attached as Exhibit B.

### D. Conclusion

Based upon the relevant authorities, Plaintiff submits that he has adequately pled claims against both Woodbridge Township and the Middlesex Country Prosecutors' Office by making claims against McCormack, Hubner and Kuberiet in their official capacities.

Respectfully submitted,

Daniel W. Sexton

DWS/swd

cc *Lori Dvorak via ECF only*
   *Frederick L. Rubenstein via ECF only*
   *Jordyn Jackson, DAG via ECR only*
   *Client via email only*

---

[1] As noted in recent correspondence to the court, the Attorney General has explicitly denied that he represents the Middlesex County Prosecutor's Office which effectively leaves the office in default.