| | |
|---|---|
| **LAW OFFICES OF**<br>**JAMES P. NOLAN**<br>**&**<br>**ASSOCIATES**<br>A Limited Liability Company | James P. Nolan, Jr., ID #004591987<br>Certified Criminal Trial Attorney<br>Fredrick L. Rubenstein, ID #004651994<br>Eric L. Lange, ID #038441997<br>Admitted in NY & NJ<br>Brian A. Bontempo, ID #151162016<br>Garry J. Clemente, ID #305992020<br>Sanford Rader – In Memoriam<br>1960-2018 |

September 9, 2022

***Via Electronic Filing***
Honorable Lena Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse (MLK 3C)
50 Walnut Street
Newark, New Jersey 07101

  Re: Nijeer Parks v. John E. McCormack, et al.
     Civil Action No. 2:21-cv-04021-JXN-LDW

Dear Judge Wettre:

### A. Introduction

  As Your Honor is aware, this office represents the interests of Defendants, John E. McCormac, (improperly pled as John E. McCormack), Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police Department, Woodbridge Police Department, Woodbridge Police Officer Andrew Lyszk and Woodbridge Police Sergeant Joseph Liccardi (collectively, the "Woodbridge Defendants") with respect to the above-referenced matter. Please accept this letter pursuant to the Court's Text Order (ECF 57) in response to Plaintiff's submission (ECF 59) addressing certain issues with respect to the viability of Plaintiff's request to amend his Complaint to name Woodbridge Police Sergeant Santiago Tapia as a Defendant and assert a <u>Monell</u> claim against the Township of Woodbridge.

### B. Plaintiff has failed to properly name the Township of Woodbridge as a Defendant

  In a show of good faith, since the inception of this litigation, the Woodbridge Defendants have repeatedly advised Plaintiff that his Complaints failed to name the proper parties. However, Plaintiff has neglected to cure those deficiencies and, after undue delay, now attempts to Amend his Complaint for the

second time. As explained in the Woodbridge Defendants' opposition (ECF 47) to Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF 43), where a party seeks to amend its pleading after the deadline set by the Court, the moving party must satisfy the good cause standard of Rule 16(b)(4).

A finding of good cause depends on the diligence of the moving party. Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC, 2018 WL 3000175 at *2 (D.N.J. June 11, 2019). The Court retains the discretion to deny a motion to amend a Complaint where the moving party has engaged in undue delay, has repeatedly failed to cure deficiencies within the Complaint, and causes undue prejudice to the non-moving party as a result. Foman v. Davis, 371 U.S. 178, 182 (1962). On the other hand, the Court retains the discretion to grant leave to amend where the delay is caused by "'a mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the scheduling order.'" Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC, 2018 WL 3000175 at *2 (D.N.J. June 11, 2019) (quoting In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig., 2012 WL 406905 at *4 (D.N.J. Feb. 7, 2012)).

Plaintiff filed the subject Motion to Amend (ECF 43) with a cover letter wherein Plaintiff states, "the proposed Amendments do not add any new parties..." Notwithstanding this declaration, attached to Plaintiff's Motion is a proposed Second Amended Complaint which adds Sgt. Tapia as a Defendant. In parsing Plaintiff's proposed Second Amended Complaint, Plaintiff adds allegations which are simply untrue. For example, in Paragraph 18, Plaintiff contends that the Woodbridge Defendants delayed submitting DNA evidence for analysis for two-and-a-half years. After the January 26, 2019 incident, the Woodbridge Defendants submitted evidence to the New Jersey State Police (NJSP) lab for DNA analysis on February 8, 2019. However, the NJSP lab is backlogged with requests for analysis and results were not returned until April 17, 2019. These first results were inconclusive and the DNA evidence did not produce an identification. Ultimately, the NJSP lab was able to match the DNA evidence to another individual and those results were provided to the Woodbridge Defendants on or about July 30, 2021.

Also, in Paragraphs 28 and 29, Plaintiff claims that he was only identified by one individual, Patrolman Lee, and that this identification was unduly suggestive. Patrolman Lyszyk, who along with Ptl. Lee was on scene with the suspect from the Hampton Inn on January 26, 2019, was shown a photograph of Plaintiff and independently identified Plaintiff as the individual he interacted

2

with. These two, separate identifications, made by veteran law enforcement officers, who interacted with and observed the suspect, is not "blatantly improper" as Plaintiff contends.

The bottom line is that Plaintiff has had knowledge of the facts underlying his proposed Amended Complaint and ample opportunity to so amend his Complaint to address and cure the deficiencies therein. Plaintiff offers no justification for the delay in seeking leave from the Court to amend his Complaint, as no adequate excuse exists. Plaintiff has known of Sgt. Tapia's involvement in this matter, as demonstrated by Plaintiff expressly referring to Sgt. Tapia eight (8) times in his Answers to Interrogatories. Further, Plaintiff has been made aware from the outset of this case that the Woodbridge Police Department is an entity not amenable to suit and that the Township of Woodbridge is the proper Defendant against whom to assert a *Monell* claim. Plaintiff's inexcusable delay in seeking leave to amend will certainly result in undue prejudice to the Woodbridge Defendants if Plaintiff's motion is granted.

### C. Plaintiff should not be permitted to add the Township of Woodbridge to his Complaint

As noted above, the Woodbridge Defendants have given Plaintiff several opportunities to correct his pleadings, and as such, the Woodbridge Defendants cannot consent to this fourth quarter mea culpa.

### D. Conclusion

Based upon the foregoing reasons and authorities cited, the Woodbridge Defendants respectfully maintain that Plaintiff's Motion for Leave to Amend the Complaint should be denied.

Respectfully submitted,

*/s/ Fredrick L. Rubenstein, Esq.*
Fredrick L. Rubenstein, Esq.

Cc: Lori Dvorak, Esq.
　　Phoenix Meyers, Esq.
　　Daniel Sexton, Esq.
　　**(Via Electronic Filing)**

3