| | |
|---|---|
| **LAW OFFICES OF**<br>**JAMES P. NOLAN**<br>**&**<br>**ASSOCIATES**<br>A Limited Liability Company | James P. Nolan, Jr., ID #004591987<br>Certified Criminal Trial Attorney<br>Fredrick L. Rubenstein, ID #004651994<br>Eric L. Lange, ID #038441997<br>Admitted in NY & NJ<br>Brian A. Bontempo, ID #151162016<br>Garry J. Clemente, ID #305992020<br>Sanford Rader – In Memoriam<br>1960-2018 |

April 13, 2023

***Via Electronic Filing***
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse, MLK 3C
50 Walnut Street,
Newark, New Jersey 07101

*Re: Nijeer Parks v. John E. McCormac, et al.*
*Civil Action No. 2:21-cv-04021-MCA-LDW*

Dear Judge Wettre:

Please accept this joint letter on behalf Defendants, Township of Woodbridge Mayor John E. McCormac, Woodbridge Police Director Robert Hubner, Woodbridge Police Officer Andrew Lyszyk and Woodbridge Police Sergeant Joseph Licciardi (collectively herein, the "Woodbridge Defendants") and Assistant Middlesex County Prosecutors Christopher Kuberiet ("Kuberiet") and Peter Nastasi ("Nastasi"), collectively "prosecutor Defendants". The within letter addresses the Woodbridge Defendants request to depose Peter Nastasi and the Prosecutor Defendants response to same.

A.   <u>Woodbridge Defendants Position</u>

Discovery has been stayed as to Kuberiet and Nastasi for almost the entire existence of this case. Regardless if Defendants Kuberiet and Nastasi are entitled to qualified immunity, there is no bar preventing them from providing deposition testimony as fact witnesses. The Woodbridge Defendants submit that these depositions are essential to the completion of discovery in this matter. It has been the position of the Woodbridge Defendants that the depositions of Defendants Kuberiet and Nastasi are necessary to a proper defense in this matter.

The essential issue is whether there was probable cause to arrest Plaintiff. Prior to obtaining the warrant for Plaintiff's

arrest, Woodbridge Police Officers discussed with Defendant Nastasi the facts which established probable cause to arrest Plaintiff. Upon being informed of these facts, Defendant Nastasi signed off on the warrant. The Woodbridge Defendants maintain that they have the right, indeed the obligation, to question Defendants Nastasi and Kuberiet under oath to determine all of the facts they relied upon to support probable cause to arrest Plaintiff.

The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery. Rather, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket..." Feibush v. Johnson, 280 F. Supp. 3d 663, 664 (E.D. Pa. 2017). The Court's control requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). A defense of qualified immunity is a weighty interest supporting an exercise of the court's discretion to stay discovery. See Harlow v. Fitzgerald, 457 U.S. 800, 817-18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The standard for deciding whether to stay discovery in these instances strongly favors staying discovery until the qualified immunity issue is resolved. However, the standard is permissive, leaving significant discretion to the District Courts. Feibush, at 665. The Court in Mitchell stated that "such pretrial matters as discovery are to be avoided if possible." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The Supreme Court has not articulated a categorical bar against discovery. In fact, the Court has explicitly recognized that discovery may be necessary against a government official who invokes qualified immunity. "Discovery involving public officials is indeed one of the evils that Harlow aimed to address, but neither that opinion nor subsequent decisions create an immunity from all discovery. Harlow sought to protect officials from the costs of "broad-reaching" discovery, and we have since recognized that limited discovery may sometimes be necessary..." Crawford-El v. Britton, 523 U.S. 574, 593 (1998).

In Graber v. Dales, the plaintiff filed suit under § 1983 alleging false arrest against several police officers and a Secret Service Agent. 511 F. Supp. 3d 594 (E.D. Pa. 2021). The Agent argued that plaintiff's suit was barred under the doctrine of qualified immunity. The Court had previously held, ruling on the Agent's motion to dismiss, that qualified immunity turned on whether it was objectively reasonable for the Agent to believe, based on the statements he received, that probable cause existed to arrest Plaintiff. The Court also held that discovery was

2

required to make this determination. The Court ultimately allowed discovery into what the Agent relied upon for his affidavit of probable cause.

Here, the Woodbridge Defendants do not seek "broad-reaching" discovery from Defendants Kuberiet and Nastasi. Rather, the Woodbridge Defendants seek to elicit testimony from Kubriet and Nastasi regarding the information that they relied upon when they signed off on the arrest warrants for Plaintiff. Based upon the relevant rules and legal authorities presented herein, the Woodbridge Defendants maintain that they are entitled to depose Defendants' Kuberiet and Nastasi in this matter.

B.   Plaintiff's Position

In February, Plaintiff filed a letter brief with the court providing some of the reasons why discovery should go forward against the MCPO defendants. (Copy of letter attached here as **Exhibit A**). Plaintiff objects to the idea advanced now by Woodbridge to allow the depositions to go forward in a narrow manner to allow Woodbridge to ask questions seeking answers to shield it from liability. Instead, all parties should be allowed to depose the witnesses in a full and complete manner, not under blinkered rules which would prevent meaningful discovery and would require the depositions to be re-done after the motions to dismiss are denied.

C.   Prosecutor Defendants' Position

The pending motion submitted by Kuberiet and Nastasi argue they are not a "person" amenable to suit under 42 U.S.C. § 1983 or the New Jersey Civil Right Act ("NJCRA"). Further, Plaintiff's second amended complaint must be dismissed as to Kuberiet and Nastasi because they are entitled to absolute prosecutorial immunity and qualified immunity from suit.

Kuberiet and Nastasi continue to assert their entitlement to the aforementioned immunities and that their motion to dismiss should be resolved before they are required to engage in discovery in this matter. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages); *see also Oliver v. Roquet*, 858 F.3d 180, 187 (3d Cir. 2017) (acknowledging that our courts have a preference for resolving questions of qualified immunity before discovery is ordered).

3

This Court maintains wide discretion to manage discovery issues and enter stays where good cause has been shown. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, in cases where immunity defenses are raised, such as here, the Supreme Court has admonished that "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526, (1985).

As explained more thoroughly in Kuberiet and Nastasi's motion to dismiss, Plaintiff fails to state a claim that Defendants violated a clearly established right. Here, Defendants Kuberiet and Nastasi present meritorious arguments for qualified immunity. Therefore, a stay of discovery is warranted.

Additionally, Plaintiff attempts to characterize Kuberiet and Nastasi's conduct in this matter as investigatory to side step prosecutorial immunity. It is a long-held rule that prosecutors enjoy absolute immunity from liability in civil suits for actions taken in their role as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). In this matter, the complained of conduct is related to their roles as prosecutors. Again, the defense for prosecutorial immunity is meritorious and a stay of discovery is warranted.

Further, the *Harlow* Court recognized that immunity was "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question [of immunity]." *Mitchell*, at 526. In this regard, "pretrial matters [such] as discovery are to be avoided if possible[.]"; *see also Behrens v. Pelletier*, 516 U.S. 299 (1996) ("*Harlow* and *Mitchell* make clear that the defense is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery...") (internal citations and quotations omitted).

For these reasons, Prosecutor Defendants maintain they are immune from the burdens of discovery, including depositions, until their pending motion is decided.

Respectfully,

*/s/ Fredrick L. Rubenstein*
Fredrick L. Rubenstein, Esq.
Counsel for Woodbridge Defendants

4

5

*/s/ Daniel W. Sexton*
Daniel W. Sexton, Esq.
Counsel for Plaintiff

*/s/Phoenix N. Meyers*
Phoenix N. Meyers, DAG
Counsel for Prosecutor Defendants

5