**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

<table>
<tr>
<td>

Chambers of
**Leda Dunn Wettre**
United States Magistrate Judge

</td>
<td>

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

</td>
</tr>
</table>

May 26, 2023

To:   All counsel of record

**LETTER ORDER**

      Re:   *Parks v. McCormac, et al.*
              Civil Action No. 21-cv-4021 (JXN) (LDW)

Dear Counsel:

      Before the Court is the Woodbridge Defendants' request to take limited depositions of defendants Kuberiet and Nastasi (the "Prosecutor Defendants"), as to whom discovery has been stayed since August 4, 2021, in light of their pending Motion to Dismiss. (ECF No. 97). Plaintiff joins in the request, but argues that the parties should be permitted to take full-scope depositions of the Prosecutor Defendants at this time to avoid having to take a second deposition of each of these defendants after the dispositive motion is adjudicated. (*Id.*). The Prosecutor Defendants oppose the request. (*Id.*). Having considered the parties' several written submissions on the issue (ECF Nos. 82, 89, 90 97), and having addressed the dispute with all counsel during a telephonic conference on May 23, 2023, and for the reasons set forth below, the Court in its discretion finds good cause to STAY all remaining discovery in this action pending adjudication of the Prosecutor Defendants' Motion to Dismiss.

      This Court has the inherent power to stay discovery for good cause. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Good cause may arise where, as here, resolution of a motion to dismiss may narrow or eliminate the need for certain discovery. *See Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) ("[I]t may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."). Here, the parties have completed nearly all factual discovery, with the exception of the proposed depositions of the Prosecutor Defendants, who have moved to dismiss the claims against them on grounds of sovereign and prosecutorial immunity. (ECF No. 80). As the parties acknowledge in their joint submission (ECF No. 97), courts in this Circuit "have a preference for resolving questions of qualified immunity before discovery is ordered." *Oliver v. Roquet*, 858 F.3d 180, 187 (3d Cir. 2017). For that reason, the undersigned stayed all discovery as to the Prosecutor Defendants pending decision on their motion to dismiss. (ECF Nos. 31, 91). As discovery in this action approaches the expert phase, however, the prosecutors' stay has begun to impact the other parties' ability to complete expert reports. (*See* ECF Nos. 84, 89, 94). Because the outcome of the pending motion may impact significantly the remaining discovery in this action, any further

discovery conducted now, including the proposed limited depositions of the Prosecutor Defendants, expert reports, and expert depositions, may well have to be re-done in the future. In the Court's considered view and consistent with Federal Rule of Civil Procedure 1, it would be more efficient and just to await a ruling on the Prosecutor Defendants' immunity motion before this case progresses further toward completion of discovery.

Accordingly, for the foregoing reasons, the Court hereby STAYS all remaining discovery in this action pending adjudication of the Motion to Dismiss. (ECF No. 80).

It is **SO ORDERED**.

                                                     *s/ Leda Dunn Wettre*
                                                     Hon. Leda Dunn Wettre
                                                     United States Magistrate Judge

Orig:   Clerk
cc:     Counsel of Record