LAW OFFICES OF

# NOLAN & LANGE



James P. Nolan  jnolan@jpnlaw.us
Certified Criminal Attorney
Eric L. Lange elange@jpnlaw.us
Admitted in NJ & NY
Brian A. Bontempo bbontempo@jpnlaw.us
Garry J. Clemente gclemente@jpnlaw.us

Sanford Rader   1960-2018

September 5, 2024

*Via Electronic Mail*
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse, MLK 3C
50 Walnut Street,
Newark, New Jersey 07101

*Re:  Nijeer Parks v. John E. McCormac, et al.*
*Civil Action No. 2:21-cv-04021-MCA-LDW*

Dear Judge Wettre:

As Your Honor is aware, this firm represents the interests of Defendants, John E. McCormac, Mayor of Woodbridge, Robert Hubner, Director of the Woodbridge Police Department, Woodbridge Police Officer Andrew Lyszyk and Woodbridge Police Sergeant Joseph Licciardi (collectively herein, the "Woodbridge Defendants") with respect to the above-referenced matter.

Please be advised that the settlement of this matter has been formally approved and funded. In connection with this settlement, please find enclosed herewith a copy of the executed Settlement Agreement and Release, along with Stipulations of Dismissal as to the Township and the individual Defendants, and a Certification of Destruction.

Respectfully,

*/s/ Garry J. Clemente*

Garry J. Clemente, Esq.

Enc.

**61 GREEN STREET, WOODBRIDGE, NJ  07095**
**PHONE: (732) 636-3344   FAX: (732) 636-1175**

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (hereinafter "Agreement") is made between **NIJEER PARKS**, his heirs, personal and legal representatives, successors and assigns (hereinafter referred to as "Plaintiff"), and the **TOWNSHIP OF WOODBRIDGE**, its elected officials, directors, agents, attorneys, employees, former employees, volunteers, representatives, insurers, reinsurers, heirs, executors, administrators, successors and assigns (hereinafter also referred to as the "Settling Defendant").

### RECITALS

**WHEREAS**, Plaintiff asserted certain claims against Defendants arising out of claims resulting from an incident which occurred on January 26, 2019 and actions which occurred thereafter as more fully set forth in a lawsuit entitled <u>NIJEER PARKS v. JOHN E. McCORMACK, MAYOR OF WOODBRIDGE, et al.</u> venued in the United States District Court, District of New Jersey, Civil Action Number 2:21-cv-04021-JXN-LDW (hereinafter the "lawsuit"); and

**WHEREAS**, as a condition precedent to the execution of this Agreement, Plaintiff has agreed to voluntarily dismiss, with prejudice, all claims set forth in his lawsuit against Defendants, WOODBRIDGE MAYOR JOHN E. McCORMAC (improperly pled as "McCORMACK"), WOODBRIDGE POLICE DIRECTOR ROBERT HUBNER, WOODBRIDGE POLICE OFFICER ANDREW LYSZYK, and WOODBRIDGE POLICE SERGEANT JOSEPH LICCIARDI, their heirs, executors, administrators,

1

successors and assigns, (hereinafter referred to as the "Non-Settling Defendants); and

**WHEREAS**, the Plaintiff and the Settling Defendant, TOWNSHIP OF WOODBRIDGE, have reached an agreement to fully and finally settle all claims between them, including those asserted in the lawsuit; and

**WHEREAS**, the Settling Defendant and Non-Settling Defendants do not admit liability or any wrongdoing of any kind with respect to any and all allegations in the lawsuit; and

**INDEPENDENT OF AND NOT AS CONSIDERATION** for this Settlement Agreement and Release, the Plaintiff has voluntarily dismissed all claims in his lawsuit, with prejudice, as to the Non-Settling Defendants by executing and filing a Voluntary Stipulation of Dismissal with Prejudice, as to all claims against the Non-Settling Defendants. This Voluntary Stipulation of Dismissal, executed by Plaintiff's Counsel, is attached as Exhibit A and shall be filed by Counsel for the Township of Woodbridge.

**NOW, IN CONSIDERATION** of the payment to Plaintiff as set forth in this Agreement, the receipt and sufficiency of which the Plaintiff and the TOWNSHIP OF WOODBRIDGE agree as follows:

1.   After an original of this Agreement, duly executed by Plaintiff and his Counsel, duly acknowledged as required, and with all required attachments, have been delivered to Counsel for Defendant TOWNSHIP OF WOODBRIDGE, within thirty (30) days after

2

delivery, the Defendant, TOWNSHIP OF WOODBRIDGE, shall pay to NIJEER PARKS and to DANIEL W. SEXTON, ESQ., LLC, the total sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00). This payment is in full and complete satisfaction of any and all claims, arising out of, in connection with or in any way relating to the lawsuit, including, but not limited to any claims for personal injuries, lost wages, loss of income, economic damages, medical expenses, claims for physical injuries and emotional distress, and claims for attorney's fees, expenses and costs for the prosecution of Plaintiff's claims as set forth in the lawsuit.

2.    Defendant    TOWNSHIP    OF    WOODBRIDGE    makes    no representations regarding the federal or state tax consequences of the payments referred to above and shall not be responsible for any tax liability, interest or penalty incurred by Plaintiff which in any way arises out of or is related to said payment. Plaintiff agrees to pay any amount that may be determined to be due and owing as taxes, interest and penalties arising out of the payment referred to in Paragraph 1 should it be determined that all or part of such payments constitute gross income to Plaintiff and/or his counsel within the meaning of the Internal Revenue Code of 1986, as amended, or under any other federal, state or local statute or ordinance. Plaintiff further agrees to (I) hold harmless the Settling and Non-Settling Defendants against, and to indemnify the Settling and Non-Settling Defendants for, any and all losses

3

and/or damages arising from claims by the Internal Revenue Service ("IRS"), or any other taxing authority or other governmental agency (whether federal, state or local), which may be made against the Settling and Non-Settling Defendants arising out of or relating to Settling Defendant's failure to withhold any portion of the payment to Plaintiff for income or social security tax purposes, or for any other purpose, and (II) reimburse Settling and Non-Settling Defendants, for any resulting payments, including without limitation, all penalties and interest payable to the IRS, or any other taxing authority or governmental agency. The parties further agree that Settling and Non-Settling Defendants will give Plaintiff notice of any such claim, and Plaintiff will cooperate with Settling and Non-Settling Defendants in the defense of such claim.  In any action commenced against Plaintiff to enforce the provisions of this paragraph, Settling and Non-Settling Defendants shall be entitled to recover its attorneys' fees, costs, disbursements, and the like incurred in prosecuting the action.

3.    By executing this Agreement, Plaintiff certifies that he has complied with the requirements of N.J.S.A. 2A:17-56.23b. Plaintiff understands and agrees that the settlement amount referenced in Paragraph 1, will not be released until such time as his attorney provides Counsel for Defendant TOWNSHIP OF WOODBRIDGE with a certified copy of a child support judgment search, performed by a private judgment search company, reflecting that Plaintiff is

4

not a child support judgment debtor. A copy of the Charles Jones Report shall be attached hereto by Plaintiff's counsel as Exhibit B. Should the Charles Jones Report establish that child support from Plaintiff is due and owing, Plaintiff must pay the balance owed.

4.    Plaintiff acknowledges that all claims for medical expenses, paid or unpaid, and/or liens asserted for medical expenses, paid or unpaid, will be satisfied from the proceeds of this settlement. Plaintiff reserves the right to contest any medical expense, paid or unpaid, asserted by any provider on any basis, including amount of expense, and whether the provider has written off or otherwise taken advantage of any tax benefit in connection thereto. Plaintiff is unaware of any lien(s) for medical expenses related to the injuries he sustained as a result of the litigation identified on page one hereof. By executing this agreement, Plaintiff certifies that he is complying with the requirements of 42 U.S.C. §1395y, et seq and 42 C.F.R. §411.24, et seq. Should any subsequent claims be made under these subsections, Plaintiff further agrees to (I) hold harmless the Settling and Non-Settling Defendants, their counsel and insurers against, and to indemnify said Defendants, Defendants' counsel and Defendants' insurers for, any and all losses and/or damages arising from claims relating to Medicare/Medicaid brought by any governmental agency (whether federal, state or local), which may be made against

Defendants, Defendants' counsel and/or Defendants' insurers arising out of or relating to Defendants, Defendants' counsel and/or Defendants' insurers' failure to withhold any portion of the payment to Plaintiff for medical lien purposes, or for any other purpose, and (II) reimburse Defendants, Defendants' counsel and/or Defendants' insurers for any resulting payments, including without limitation, all penalties and interest payable to any governmental agency.

5. The Plaintiff hereby understands and acknowledges that the Medicare, Medicaid and SCHIP Extension Act of 2007 (the "Extension Act") requires the reporting to designated representatives of Medicare and/or Medicaid any settlement in which all future claims are released and the Plaintiff is either a current Medicare and/or Medicaid beneficiary or has the potential to be eligible for Medicare and/or Medicaid benefits within thirty (30) months of the settlement. NIJEER PARKS acknowledges that he is not currently a Medicare or Medicaid beneficiary. If Medicare asserts a lien for reimbursement of medical expenses incurred for the treatment of any injuries claimed by Nijeer Parks in connection with the matter of NIJEER PARKS v. JOHN E. McCORMAC, et al., Civil Action Number 2:21-cv-04021-JXN-LDW, Nijeer Parks agrees to submit the Final Settlement Detail Document to Medicare on the amount of this settlement. Nijeer Parks agrees to provide a copy of the Final Demand Letter to Defendant upon receipt of it from Medicare. Nijeer

6

Parks further agrees to provide to Defendant a copy of any agreement that may be made with Medicare regarding reimbursement of conditional payments.

In the event that Nijeer Parks is covered under a Medicare Advantage Plan, Nijeer Parks acknowledges that the Medicare Advantage Plan may also have the same reimbursement rights as Medicare ("Medicare Advantage lien"). Nijeer Parks agrees that the same reimbursement procedure outlined above for the Medicare lien will apply to any Medicare Advantage lien.

The Settling Parties have considered Medicare's future interests and have sought to protect them. It is not the intention of the Settling Parties to shift to Medicare responsibility for treatment for injuries or illnesses that are causally related. The cost of future medical expenses arising out of this claim is uncertain. Should Nijeer Parks expect any future treatment for injuries arising out of this incident, he understands that it is his obligation to notify CMS/Medicare/Medicaid and any Medicare Advantage Plan, or any other entity of the expected nature, duration, and costs of said future treatments and abide by any set asides required.

NIJEER PARKS hereby Releases all Defendants, including Defendant, TOWNSHIP OF WOODBRIDGE, and the Non-Settling Defendants, WOODBRIDGE MAYOR JOHN E. McCORMAC, WOODBRIDGE POLICE DIRECTOR ROBERT HUBNER, WOODBRIDGE POLICE OFFICER ANDREW LYSZYK,

7

and WOODBRIDGE POLICE SERGEANT JOSEPH LICCIARDI, their present and former agents, officers, directors, shareholders, employees, principals, attorneys, insurers, parent companies, subsidiaries, affiliated companies, successors, predecessors, representatives, heirs and assigns of any responsibility for any and all post-settlement medical treatment and expenses, including any medical treatment and/or medical expenses that may be disputed and/or denied by Medicare or a Medicare Advantage Plan.

NIJEER PARKS agrees to indemnify, defend and hold-harmless the Non-Settling Defendants from any and all claims, suits, demands, liabilities, costs, and attorney fees arising from any liens, subrogation claims, or other claims of recovery rights, past and future, known and unknown, including but not limited to future claims by CMS/Medicare/Medicaid and any Medicare Advantage Plan, or any other entity, in connection with any claims for reimbursement or coverage of medical benefits of any kind or nature whatsoever and for any failure, or claimed failure of the Releasees. Said obligation(s) will not arise unless Nijeer Parks is provided timely notice of any such claim and is provided an opportunity to resolve any such claims.

Should any person or entity not a party hereto pursue recovery of monies from the Non-Settling Defendants or bring a claim or claim against the Non-Settling Defendants related to payment for items or services related to the injuries claimed in this action,

8

Nijeer Parks agrees to provide reasonable cooperation and assistance upon the request of the Non-Settling Defendants in defense of such a claim.

6.    The parties further agree that within seven (7) days of the receipt by Counsel for Plaintiff of the payment referred to herein, a Stipulation of Dismissal, with Prejudice, as to claims against Defendant, TOWNSHIP OF WOODBRIDGE, shall be filed with the Clerk of the United States District Court, District of New Jersey. Plaintiff and Defendant, TOWNSHIP OF WOODBRIDGE, have agreed on the form of the Stipulation of Dismissal, with Prejudice, to be filed. A copy of the Stipulation of Dismissal executed by Plaintiff's Counsel is attached hereto as Exhibit C and Counsel for the Township of Woodbridge will hold the Stipulation of Dismissal, executed by Plaintiff's Counsel, until the time period cited in this paragraph has expired prior to filing same with the Court.

7.    It is specifically agreed and understood that the Non-Settling Defendants, WOODBRIDGE MAYOR JOHN E. McCORMAC, WOODBRIDGE POLICE DIRECTOR ROBERT HUBNER, WOODBRIDGE POLICE OFFICER ANDREW LYSZYK and WOODBRIDGE POLICE SERGEANT JOSEPH LICCIARDI, are not participants in the within settlement, as Plaintiff's causes of action against the Non-Settling Defendants have been voluntarily dismissed, with Prejudice.

8.    It is specifically understood and agreed that the amount paid under this Settlement Agreement and Release includes all attorneys' fees and costs to which Plaintiff and/or his attorney(s) may be entitled and the settlement sum is specifically intended to be inclusive of all attorneys' fees and costs. Plaintiff understands that by executing this Settlement Agreement and Release, he releases and waives any claim and/or right to attorneys' fees and expenses in connection with the prosecution of the lawsuit. Neither Plaintiff, nor Daniel W. Sexton, Esq., LLC, or any other Law Firm acting on Plaintiff's behalf during the prosecution of said action shall make application for additional monies in addition to the amount set forth in Paragraph 1, as that settlement amount includes attorney's fees and expenses incurred for the prosecution of the claims set forth in the lawsuit.

9.    Plaintiff hereby releases and forever discharges the Settling Defendant and the Non-Settling Defendants, including, but not limited to, their elected officials, directors, agents, attorneys, employees, former employees, volunteers, representatives, insurers, reinsurers, heirs, executors, administrators, successors and assigns from any and all actions, causes of action, suits, claims, charges or complaints, known or unknown, which Plaintiff has, may have, or claims to have against any of them. Plaintiff acknowledges that this is a Settlement Agreement and Release and includes, but is not limited to, any and

10

all claims set forth, arising out of, in connection with or in any way relating to the lawsuit, claims arising under federal, state, and local laws including but not limited to, claims for negligence, intentional or negligent infliction of emotional distress and/or mental anguish, conspiracy, assault and battery, false arrest, false imprisonment, violations of the United States Constitution and statutes, violations of the New Jersey Constitution and statutes, harassment, discrimination, excessive force, failure to intervene, unlawful seizure, malicious prosecution, abuse of process, untruthfulness, failure to act, failure to train, failure to discipline, failure to supervise, unlawful or insufficient policies, customs and/or practices, retaliation, personal injury, humiliation, pain and suffering, public policy violations, emotional distress, invasion of privacy, defamation, intentional acts, property damage claims, claims for economic damages, claims for attorney's fees, expenses and costs, claims for physical, mental, emotional and psychological injuries, damage to reputation, or any other form of compensatory damages, claims for prospective injunctive relief, claims for equitable relief, punitive damages and any and all other claims however denominated regardless of legal theory or operative facts. This Settlement Agreement and Release further includes all claims, known or unknown, for anything that has occurred up to and including the date of this Agreement.  Plaintiff further releases any and all

11

rights he may have to seek further discovery on any claims which have been encompassed by this lawsuit, or which has been a result of the actions or non-actions of the Settling Defendant and/or the Non-Settling Defendants. Plaintiff hereby releases and forever discharges the Settling Defendant and the Non-Settling Defendants from any and all claims for attorney's fees and costs or other expenses incurred by Plaintiff or his counsel in pursuit of the lawsuit that exists through the date of this fully executed Agreement as against said Defendants, their elected officials, directors, agents, attorneys, employees, former employees, volunteers, representatives, insurers, reinsurers, heirs, executors, administrators, successors and/or assigns, arising out of this lawsuit.

10. Plaintiff further covenants and promises that he will not hereafter file or cause to be filed on her behalf any charge, complaint, legal or administrative action of any nature before any court or administrative agency to assert any claim against the Settling Defendant and Non-Settling Defendants named in the lawsuit, for anything that has occurred up to and including the date that this Settlement Agreement and Release is fully executed.

11. This Agreement does not constitute and shall in no manner be construed as an admission of any wrongdoing or liability on the part of Defendant TOWNSHIP OF WOODBRIDGE and the Non-Settling Defendants, or as an admission by the Defendant TOWNSHIP OF

WOODBRIDGE and the Non-Settling Defendants of the validity of any of the Plaintiff's allegations as contained in her lawsuit and/or as supplemented during the course of discovery. The Settling Defendant and Non-Settling Defendants continue to maintain the validity of their denials and affirmative defenses set forth in their respective Answers to the lawsuit.

12.  Plaintiff represents that he has not assigned to any third party any claim that he has, may have, or believes he has against the Settling Defendant and the Non-Settling Defendants. Plaintiff represents and warrants that no other person or entity has or had any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement and Release; and that Plaintiff has not sold, assigned, transferred, conveyed and/or otherwise disposed of any of the claims, demands, obligations, or causes of actions referred to in the Settlement Agreement and Release to any third party any claim that he has, may have or believes he has against the Settling Defendant and Non-Settling Defendants. Plaintiff has not filed, will not file, or cause to be filed any charge, claim, allegation, legal or administrative action, or complaint of any kind before any court, administrative entity or any other entity to assert claims against the Settling Defendant and the Non-Settling Defendants seeking monetary recovery, sanctions, equitable relief, or injunctive relief, for anything that has occurred, may have occurred or has

13

alleged to have occurred up to and including the date that this Agreement was fully executed with respect to any matter in any way arising out of or relating to Plaintiff's involvement with the Settling Defendant and the Non-Settling Defendants prior to the date that this Settlement Agreement and Release is fully executed, or any matter or incident relating to the subject matter of the lawsuit.

13.   By executing this Agreement, Plaintiff represents and acknowledges that he does not rely, and has not relied upon, any representation or statement not set forth in this Agreement made by the Settling Defendant or the Non-Settling Defendants, or their counsel with regard to the subject matter, basis, or effect of this Agreement or otherwise. This Agreement sets forth the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties.

14.   It is understood and agreed that Plaintiff will not at any time, directly or indirectly, or induce others to, make, publish or communicate to any person or entity or in any public forum, any defamatory, false or injurious remarks, comments, or statements concerning the lawsuit, this Agreement or the Settling Defendant and/or the Non-Settling Defendants, as well as any of their elected officials, directors, agents, attorneys, employees, former employees, volunteers, representatives, insurers, reinsurers, heirs, executors, administrators, successors and

assigns, heirs, and administrators, that may be considered to be defamatory, false or injurious to the good name or reputation of the Settling Defendant and/or the Non-Settling Defendant. Plaintiff and his counsel may make comments concerning the lawsuit and this Agreement if required by law, legal process or litigation is brought for the enforcement of this Agreement or by any court, arbitrator, mediator or administrative or legislative body (including any committee thereof) with apparent jurisdiction over Plaintiff or such legal process and as necessary to discuss with any tax, medical or mental health advisor, CMS/Medicare/Medicaid and any Medicare Advantage Plan, or immediate family member. In accordance with this Paragraph and Paragraph 15, Plaintiff may communicate to others the facts of his life story including his relationship with the Defendants, the events of January 26, 2019, his injuries and recovery.

15. This Settlement Agreement and Release shall be binding and inure to the benefit of the Plaintiff and his successors, assigns, heirs, executors and personal and legal representatives, the TOWNSHIP OF WOODBRIDGE, as well as its elected officials, directors, agents, attorneys, employees, former employees, volunteers, representatives, insurers, reinsurers, heirs, executors, administrators, successors and/or assigns.

16. This Agreement shall be construed in accordance with the laws of the State of New Jersey.

15

17. In the event either party breaches the terms and provisions set forth in the preceding paragraphs, the other party shall be entitled to bring an action for breach of this Agreement. If either party seeks to rescind this Agreement as a result of a breach, the other will be entitled to the status quo ante. Further, the negotiations are deemed privileged and shall not be disclosed or construed for any purpose.

18. The parties agree that the language of this Agreement has been negotiated, is a product of the draftsmanship of Counsel for all of the parties and that the usual rule that the provisions of a document are to be construed against the drafter shall not apply to the interpretation of any provisions of this Agreement.

19. The signature of the Plaintiff below indicates he has had an opportunity to review this Agreement with his attorneys, that he has read and understood the provisions and that he has executed it voluntarily with full knowledge of the significance of all provisions.

20. In entering into this Settlement Agreement and Release, Plaintiff, NIJEER PARKS, represents that he has been represented by counsel of his choice at the time of execution of this Settlement Agreement and Release, that Plaintiff, NIJEER PARKS, has relied upon the legal advice of such counsel, that the terms of this Settlement Agreement and Release have been completely read and explained to Plaintiff, NIJEER PARKS, by said counsel and that

16

those terms are fully understood and voluntarily accepted by Plaintiff, NIJEER PARKS.

21. It is understood and agreed that all confidential materials, including but not limited to Internal Affairs Files, training records, personnel files, training materials and all documents marked or bates stamped as "Confidential" of Defendant, TOWNSHIP OF WOODBRIDGE, produced in discovery, whether pursuant to a Protective Order of the Court or by the Defendant, TOWNSHIP OF WOODBRIDGE, or the Non-Settling Defendants voluntarily, shall be returned, without copies being made or retained by Plaintiff's counsel, experts, clients or any other persons or entities that have received these documents as a result of this litigation, forthwith to Counsel for Defendant, TOWNSHIP OF WOODBRIDGE, contemporaneously with the delivery of the executed Release and Settlement Agreement. In the alternative to returning all documents, Plaintiff's Counsel may execute a Certification of Destruction, attached as Exhibit D.

22. Counsel for Plaintiff and the Settling Defendant, all of whose signatures appear below, represent and warrant that they have reviewed this Settlement Agreement and Release with their respective clients. The Plaintiff has been advised by his Counsel to execute the Settlement Agreement and Release.

17

23. This Agreement may be executed in counterparts, each of which, when so executed and delivered, shall be deemed to be an original.

24. If any provision of this Agreement is found to be unenforceable by a court of competent jurisdiction, all other provisions will remain fully enforceable. The covenants set forth in this Agreement shall be considered and construed as separate and independent covenants. Should any part or provision of any provision of this Agreement be held invalid, void or unenforceable in any court of competent jurisdiction, such invalidity, voidness or unenforceability shall not render invalid, void or unenforceable any other part or provision of this Agreement. If the release and waiver of claims provisions of this Agreement are held to be unenforceable, the parties agree to enter into a release and waiver agreement that is enforceable.

25. Plaintiff agrees to comply with any Order of a Court of competent jurisdiction with regard to the terms and conditions of this Settlement Agreement and Release.

26. By executing this Agreement, Plaintiff represents and acknowledges that he does not rely, and has not relied upon, any representation or statement not set forth in this Agreement with regard to the subject matter, basis, or effect of this Agreement or otherwise. This Agreement sets forth the entire agreement

18

between the parties and supersedes any and all prior agreements or understandings between the parties.

   **IN WITNESS WHEREOF**, and intending to be legally bound, the Plaintiff has executed this Agreement.

BY: _____

NIJEER PARKS

STATE OF NEW JERSEY :
                     :  SS.
COUNTY OF MIDDLESEX :

   I CERTIFY that on *7 month of the 23rd day* 2024, NIJEER PARKS, personally came before me and acknowledged under oath, to my satisfaction, that he:

   (a)   is named in and personally signed this document; and
   (b)   signed, sealed, and delivered this document as their act
             and deed.

_____

**DANIEL W. SEXTON, ESQ., L.L.C.**
*Attorneys for Plaintiff,*
*Nijeer Parks*

> MARK A ROBERTSON
> Notary Public, State of New Jersey
> My Commission Expires 8/1/2027

By: _____        Dated: _Jug 29, 2024_
   **DANIEL W. SEXTON, ESQ.**

**LAW OFFICE OF NOLAN & LANGE, L.L.C.**
*Attorneys for Defendant,*
*Township of Woodbridge*

By: _____        Dated: _7/30/24_
   **GARRY J. CLEMENTE, ESQ.**

19

GARRY J. CLEMENTE, ESQ. (ID# 305992020)
LAW OFFICE OF NOLAN & LANGE, L.L.C.
61 GREEN STREET
WOODBRIDGE, NEW JERSEY 07095
TELEPHONE: (732) 636-3344 FAX: (732) 636-1175
Attorneys for Defendants, Woodbridge Township, Woodbridge Mayor
John E. McCormac, Woodbridge Police Director Robert Hubner,
Woodbridge Police Officer Andrew Lyszyk, and Woodbridge Police
Sergeant Joseph Licciardi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIJEER PARKS, | : CIVIL ACTION NO. |
| | : 2:21-CV-04021-JXN-LDW |
| Plaintiff, | : |
| | : |
| -v- | : **VOLUNTARY STIPULATION OF** |
| | : **DISMISSAL WITH PREJUDICE AS** |
| JOHN E. McCORMAC, et al., | : **TO WOODBRIDGE TOWNSHIP** |
| | : |
| Defendants. | : |

The matter in difference in the above-entitled action having

been amicably adjusted by and between the Plaintiff, Nijeer Parks,

and the **Defendant, Township of Woodbridge**, it is hereby stipulated

and agreed that the same be and are hereby dismissed with prejudice

and without attorney fees and costs.

DANIEL W. SEXTON, ESQ., LLC

By: _____          Dated: _____
     Daniel W. Sexton, Esq.
     Attorneys for Plaintiff,
     Nijeer Parks


LAW OFFICE OF NOLAN & LANGE, LLC

By: _____          Dated: 7/30/24
     Garry J. Clemente, Esq.
     Attorneys for Defendant,
     Township of Woodbridge

1

GARRY J. CLEMENTE, ESQ. (ID# 305992020)
LAW OFFICE OF NOLAN & LANGE, L.L.C.
61 GREEN STREET
WOODBRIDGE, NEW JERSEY 07095
TELEPHONE: (732) 636-3344 FAX: (732) 636-1175
Attorneys for Defendants, Woodbridge Township, Woodbridge Mayor
John E. McCormac, Woodbridge Police Director Robert Hubner,
Woodbridge Police Officer Andrew Lyszyk, and Woodbridge Police
Sergeant Joseph Licciardi

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIJEER PARKS, | : CIVIL ACTION NO. |
| | : 2:21-CV-04021-JXN-LDW |
| Plaintiff, | : |
| | : |
| -v- | : **VOLUNTARY STIPULATION OF** |
| | : **DISMISSAL WITH PREJUDICE AS** |
| JOHN E. McCORMAC, et al., | : **TO DEFENDANTS, JOHN E. McCORMAC,** |
| | : **ROBERT HUBNER, ANDREW LYSZYK,** |
| Defendants. | : |

It is hereby stipulated and agreed that all claims asserted by Plaintiff, Nijeer Parks, against **Defendants, Woodbridge Mayor John E. McCormac, Woodbridge Police Director Robert Hubner, Woodbridge Police Officer Andrew Lyszyk, and Woodbridge Police Sergeant Joseph Licciardi**, are hereby voluntarily dismissed with prejudice and without attorney fees and costs as to said parties.

**DANIEL W. SEXTON, ESQ., LLC**

By: _____          Dated: ___7/31/24___
    Daniel W. Sexton, Esq.
    Attorneys for Plaintiff,
    Nijeer Parks

**LAW OFFICE OF NOLAN & LANGE, LLC**

By: _____          Dated: __8/8/24__
    Garry J. Clemente, Esq.
    Attorneys for Defendants,
    McCormac, Hubner, Lyszyk, and Licciardi

1

**GARRY J. CLEMENTE, ESQ. (ID# 305992020)**
**LAW OFFICE OF NOLAN & LANGE, L.L.C.**
**61 GREEN STREET**
**WOODBRIDGE, NEW JERSEY 07095**
**TELEPHONE: (732) 636-3344 FAX: (732) 636-1175**
**Attorneys for Defendants, Woodbridge Township, Woodbridge Mayor John E. McCormac, Woodbridge Police Director Robert Hubner, Woodbridge Police Officer Andrew Lyszyk, and Woodbridge Police Sergeant Joseph Licciardi**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NIJEER PARKS, | : CIVIL ACTION NO. |
| | : 2:21-CV-04021-JXN-LDW |
| Plaintiff, | : |
| | : **CERTIFICATION OF DESTRUCTION** |
| -v- | : **OR DELETION OF CONFIDENTIAL** |
| | : **DOCUMENTS** |
| JOHN E. McCORMAC, et al., | : |
| | : |
| Defendants. | : |

I, Daniel W. Sexton, Esq. hereby certify as follows:

I am an attorney licensed to practice in the State of New Jersey.

I represent Plaintiff, Nijeer Parks ("Plaintiff") in the above-referenced action.

Throughout the course of the aforementioned action, Defendants ("Producing Defendants"), its e-discovery vendors, and/or its other contractors have produced and supplied Plaintiff and Plaintiff's Counsel with documents, information and other materials in various media formats containing information that the Producing Defendants have identified as "Confidential".

1

The undersigned, as Plaintiff's Counsel, hereby certifies that:

Access to any and all of the Producing Defendants' documents, information or other material produced in the identified legal matter and marked as "Confidential" has been properly safeguarded at all times and such security for such documents has not been electronically or physically breached or leaked and none of the Producing Defendants' documents, information or other material in the identified legal matter have been removed from the Plaintiff's counsel's possession and control;

No access has been granted to subcontractors, vendors or third parties to the Producing Defendants' documents, information or other material in the identified legal matter which materials were marked as "Confidential";

None of the Producing Defendants' documents, information or other material in the identified legal matter and marked as "Confidential" have been transmitted in hard copy or electronically to Plaintiff or any other person, and if it has, all such information has been retrieved and physically or electronically destroyed.

All physical copies of the Producing Defendants' documents, information or other material, including, but not limited to, paper copies, CDs, DVDs, photographs and video-recordings which were

marked as "Confidential" have been physically destroyed by Plaintiff's Counsel.

All electronic copies of the Producing Defendants' documents, information or other material and marked as "Confidential" that have been received, downloaded, uploaded or electronically stored in any manner on any electronic device or platform capable of storing such electronic information, whether maintained on any servers, individual work stations, hard drives, cloud storage, USB flash drives, smart phones, laptops, tablets, other back-up media, e-files, electronic mail boxes or any other source, have been permanently deleted from any and all such electronic devices or platforms on which any such information has been received, downloaded, uploaded or electronically stored using current industry-best practices, and by signing this document, Plaintiff's counsel certifies that such information has been permanently deleted and cannot be recovered in compliance with industry-best practices.

Any access keys or security tokens used to access the Producing Defendant's documents and marked as "Confidential" have either expired, or been returned to counsel for the Producing Defendants, and any passwords used to access the Producing Defendants' documents, information and other materials have been destroyed.

3

This certification pertains exclusively to the documents, information and other materials provided by the Producing Defendants and marked as "Confidential". This certification does not require Plaintiff's Counsel to delete, destroy or return to the Producing Defendants documents, information and other materials that were not marked as "Confidential" or obtained from another source or documents, information and other materials that were extracted from the Confidential materials and used in the litigation of this legal matter, including attorney work product, or any such information that has become part of the public case record for the legal matter. Such documents remaining in the case record are subject to all client confidentiality rules, and Plaintiff's counsel acknowledges its obligations which include, among other things, all applicable ABA and/or state rules and requirements concerning the safeguarding of the Firm's client files.

Plaintiff's Counsel hereby certifies that all the Producing Defendants documents, information and other materials marked as "Confidential" in hard copy have been destroyed, and all such documents, information and other materials electronically received, downloaded, uploaded, or electronically stored in any way or on any electronic device or otherwise maintained have been permanently deleted and cannot be recovered from any and all such

4

electronic devices or platforms on which any such information has been stored.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _July 29, 2024_          By: _____

Daniel W. Sexton, Esq.

5